UNITED STATES

v.

James G. BUTTERBAUGH, 166 56 7850, Builder Constructionman Recruit (E–1), U.S. Navy.

NMCM 85 1438.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Feb. 1985.

Decided 30 May 1986.

LT J. Cunyon Gordon, JAGC, USN, Appellate Defense Counsel.

LT Linda P. McIntyre, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

COUGHLIN, Senior Judge:

Pursuant to his pleas, appellant was found guilty at a judge alone general court-martial of wrongful disposition of military property, housebreaking, and three specifications of wrongful distribution of marijuana in violation of Articles 108, 130, and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908, 930, 912a respectively. In his sole assignment of error, appellant claims that he was denied his right to a speedy trial under Rule for Courts-Martial (R.C.M.) 707(a) with respect to the wrongful disposition of military property and housebreaking charges.

This case is before our Court for the second time, as it was previously remanded to the military judge for the entry of essential findings as required by R.C.M. 905(d)

and *United States v. Postle,* 20 M.J. 632 (N.M.C.M.R. 1985). *See United States v. Butterbaugh,* 21 M.J. 1019 (N.M.C.M.R. 1985). In addition to our review of the written briefs of appellate counsel, we heard oral argument at the behest of appellate defense counsel.

At trial, the military judge found the Government accountable for 117 days of delay. Upon entering his essential findings as required by this Court, he reduced that number to 113 days. In both instances, these essential findings were based on the following chronology:

8 August 1984: Accused informed of preferred charges.

6 September 1984: Government ready to proceed with Article 32 hearing at earliest convenience of defense. No response by defense.

14 September 1984: Trial counsel again urges defense counsel to agree to rehearing date. Hearing scheduled for 1 October 1984. Defense counsel stated that hearing may become unnecessary if pretrial agreement negotiations are concluded.

25 September 1984: Trial defense counsel agree to remove case from Article 32 calendar because of pretrial agreement negotiations.

17 October 1984: Trial and defense counsel agree to 31 October 1984 for Article 32 hearing.

25 October 1984: During absence of defense counsel from Norfolk area 21–26 October 1985, trial counsel unilaterally changed Article 32 hearing date to 9 November 1984.

3 November 1984: Defense counsel requested 16 November 1984 for hearing date. Defense counsel assigned temporary additional duty away from Norfolk area 6–14 November 1984 over his objection.

16 November 1984: Article 32 hearing.

30 November 1984: Accused engaged in further criminal activity resulting in Additional Charges I and II.

1 December 1984: Accused placed in pretrial confinement.

3 December 1984: Trial counsel memo to defense counsel offering to combine the new charges with the pending charges or to refer the new charges to another Article 32 hearing with a separate trial being the likely result.

4 December 1984: Trial and defense counsel agree to all charges being referred to the same forum. Defense counsel submitted discovery request on additional charges.

14 December 1984: Article 32 report on original charges completed and forwarded to convening authority.

18 December 1984: Defense requested psychiatric evaluation of accused.

19 December 1984: Psychiatric evaluation conducted.

11 January 1985: Trial counsel requested defense counsel to start Article 32 hearing on additional charges as soon as possible.

13 January 1985: Defense counsel recommended that Article 32 hearing date be set "several weeks down the road."

17 January 1985: Government furnished last of requested defense discovery material. Trial counsel urged defense counsel to agree to a date for the Article 32 hearing.

18 January 1985: Defense counsel submitted pretrial agreement offer.

23 January 1985: Original charges referred for trial.

28 January 1985: Trial counsel submitted Pretrial Information Report via defense counsel proposing trial on 14 February 1985.

29 January 1985: Pretrial agreement accepted by convening authority. Original charges served on accused. Defense counsel concurs on Pretrial Information Report with 14 February 1985 trial date.

4 February 1985: Additional charges referred.

7 February 1985: Additional charges served on accused.

8 February 1985: R.C.M. 802 conference. Trial counsel ready to proceed with

trial that date. Defense counsel stated that the delay from that date until 14 February 1985 would be at the request of defense.

14 February 1985: Trial commenced.

The military judge made the following findings:

8 August—6 September 1984 (29 days): Government delay

6 September—31 October 1984 (55 days): Defense delay

31 October 1984—31 January 1985 (74 days): Government delay (less 2 days for psychiatric evaluation)

13 January—29 January 1985 (16 days): Defense delay

29 January—8 February 1985 (6 days): Government delay

8 February—14 February 1985 (6 days): Defense delay

TOTAL GOVERNMENT DELAY: 113 days

Upon consideration of the foregoing chronology and findings, we conclude that error occurred when the defense was charged with the eight days of delay from 6 September—13 September inclusive. This issue was not specifically addressed by Government or defense counsel either at trial or before this Court.

The issue presented by the military judge's ruling regarding this period of time concerns the effect of defense counsel's silence after being notified by trial counsel that the Government was ready to proceed to an Article 32, 10 U.S.C. § 832 hearing. Specifically, the military judge found that:

[o]n 6 September the trial counsel was prepared to proceed with the Article 32 hearing and attempted to set a date with defense counsel. The latter did not respond. After a second attempt by trial counsel on 14 September, counsel mutually agreed to a hearing date of 1 October 1984. The period of 6 September to 14 September was caused by defense failure to respond to trial counsel's offer to proceed on 6 September. The delay from the 14 September to 1 October was with the consent of the defense.

Military Judge's Response at 3.

The military judge based this exclusion from government accountability on R.C.M. 707(c)(3) which deals with defense delay and specifically provides that any period of delay resulting from a delay in a proceeding or a continuance in the court-martial granted at the request or with the consent of the defense is excluded when determining whether the 120 day period of R.C.M. 707(a) has run. This rule, however, is not applicable to the facts extant in this case.

■ Following trial counsel's notification on 6 September to defense counsel that the Government was ready to proceed to an Article 32 investigation, no other attempts were made to docket the case until 14 September when both counsel agreed on a date for the Article 32 hearing. It appears that the military judge construed defense counsel's failure to respond immediately to Government counsel's notification as a consent to a delay in the proceedings within the meaning of R.C.M. 707(c)(3). Such a construction is fallacious. R.C.M. 707(c)(3) imposes no obligation on the defense counsel to speed a case along to trial, *United States v. White,* 22 M.J. 631 (N.M.C.M.R. 1986); *United States v. Cherok,* 19 M.J. 559 (N.M.C.M.R.1984) *pet. granted,* 20 M.J. 122 (C.M.A.1985), and we do not view defense counsel's silence in this case as either an implicit request for a delay or as a self-created impediment to the speedy prosecution of the case. *See United States v. Harris,* 20 M.J. 795 (N.M.C.M.R.1985) and *Cherok,* 19 M.J. at 571. This is especially true where the Government counsel, during the period of defense silence, does nothing to help move the case along toward trial. Therefore, we find that the military judge erred in ruling that the period from 6 September—14 September was chargeable to the defense for purposes of R.C.M. 707(a).

■ This error, however, does not mandate setting aside the findings of guilty as to the charges complained of by the appellant because it is apparent that the military judge, in making his findings,

miscounted the number of days chargeable to the Government. Initially, we note that the day of 8 August, when the appellant was informed of the charges, was erroneously included in the initial period of Government delay. *See* R.C.M. 707(b)(1). Secondly, the military judge attributed 74 days of delay to the Government during the period from 31 October 1984—12 January 1985. Within this period, the appellant underwent a psychiatric evaluation which took two days. These two days were properly attributed to the defense pursuant to R.C.M. 707(c)(1)(a) but were not arithmetically excluded from Government accountability by the military judge when he made his mathematical computations. Subtracting three days from the 113 day period of delay originally attributed to the Government, we arrive at a figure of 110 days. To this we add the eight days of delay erroneously attributed to the defense and thus find the Government responsible for a total of 118 days of delay under R.C.M. 707(a).[1]

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge MIELCZARSKI and Judge DE-CARLO concur.

---

1. We accept the remaining findings made by the military judge. We specifically note that the defense requested delay from 25 September—17 October was properly charged to the defense under R.C.M. 707(c)(3) despite the fact that the delay was requested for the purpose of conducting pretrial agreement negotiations. In *United States v. Harris,* 20 M.J. 795 (N.M.C.M.R.1985), this Court held that absent an express request for a delay, periods of pretrial negotiation are not excludable under R.C.M. 707(c)(3) as an implied request to postpone the proceedings. In situations where the defense specifically requests or consents to a delay, however, such delay is excluded under the rule even if it is requested for the purpose of conducting pretrial negotiations. This result is in harmony with R.C.M. 707(c)(3) which speaks in terms of requests for delay, and does not contain any qualification or exception based on the reason underlying the request.