**UNITED STATES, Appellee,**

v.

**Private First Class Kevin K. BRODIN, 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, United States Army, Appellant.**

**ACMR 8701250.**

U.S. Army Court of Military Review.

29 Oct. 1987.

For Appellant: Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

Per Curiam:

Appellant was tried on 1 June 1987 by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of six specifications of larceny, one specification of conspiracy to commit larceny, and one specification of attempted larceny, in violation of Articles 121, 81, and 80 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921, 881, and 880 (1982). His sentence to a bad-conduct discharge, confinement for thirty months, total forfeitures, and reduction to Private E–1 was approved by the convening authority.

At trial, the appellant alleged that the charges and specifications should have been dismissed for lack of speedy trial. The military judge ruled that, for speedy trial purposes, the government's accountability began on 22 December 1986, when the appellant was placed on restriction, and ran until the day of trial, a total of 161 days.[1] From that period the military judge deducted 18 days of defense requested delay and 23 days of delay, which he attributed to the defense, during which the Article 32, UCMJ, investigating officer attempted to contact the military policeman to whom appellant had made a statement. Defense had objected to the investigating officer's consideration of the statement because it was unauthenticated. Trial counsel stated that she did not intend to introduce that statement. Nevertheless, the investigating officer continued his investigation, attempting to obtain the agent's testimony, from 8 April until 1 May. The military judge excluded that period under R.C.M. 707(c)(3) as a delay "at the request, or with the consent of the defense," finding that the delay was for the benefit of the appellant.

We believe that the military judge erred in his application of R.C.M. 707(c)(3). The defense counsel did not request or consent to the delay by the investigating officer. He merely objected to the admission of evidence, which trial counsel then stated would not be presented. Under these circumstances, the investigating officer's delay was not for the appellant's convenience or benefit. *United States v. Boden*, 21 M.J. 916 (A.C.M.R.1986). Defense silence does not equate to consent, *see United States v. Butterbaugh*, 22 M.J. 759 (N.M.C. M.R.1986), and on the record before us the government should be charged with the investigating officer's delay. *See United*

---

1. On appeal, the government urges that its accountability did not initiate with the restriction but rather with the preferral of charges, arguing that the restriction was not sufficiently severe and citing *United States v. Berumen*, 24 M.J. 737 (A.C.M.R.1987). *Berumen* dealt with whether restriction was tantamount to confinement. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter R.C.M.] provides for trial within 120 days of the imposition of restraint under R.C.M. 304(a)(2)–(4). Restriction in lieu of arrest under R.C.M. 304(a)(2) is one form of restraint; confinement under R.C.M. 304(a)(4) is another. Restriction does not need to rise to the level of confinement to trigger R.C.M. 707 accountability. The military judge in this case found that the restriction triggered appellant's speedy trial rights and we see no reason to reverse that finding.

*States v. Talavera,* 8 M.J. 14, 18 (C.M.A. 1979) (as a general rule, all Article 32 time is chargeable to the government unless it is excludable because attendant circumstances require more than normal time).[2]

Accordingly, the findings of guilty and the sentence are set aside. The charges are dismissed.

**2.** We decline the government's invitation to exclude the period in question under R.C.M. 707(c)(9) for good cause or under our own "judicially fashioned rule of exclusion." The government has shown no "good cause," akin to unusual operational requirements or military exigencies, sufficient to warrant exclusion. Further, we see no reason in this case to reach beyond the exclusions provided for in R.C.M. 707.