UNITED STATES, Appellee,

v.

Anthony W. HOSKINS, Specialist Four,
U.S. Army, Appellant.

No. 61,732.
CM 8801340.

United States Court of Military Appeals.

Feb. 20, 1990.

For Appellant: *Captain Cynthia G. Wright* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Keith W. Sickendick* (on brief).

For Appellee: *Captain John J. Hogan* (argued); *Lieutenant Colonel Daniel J. Dell'Orto and Major Kathryn F. Forrester* (on brief); *Colonel Alfred F. Arquilla.*

*Opinion of the Court*

SULLIVAN, Judge:

During May and June 1988, appellant was tried by a military judge sitting alone as a general court-martial at Frankfurt, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of willfully disobeying the order of a superior commissioned officer; violating a lawful general regulation; two specifications each of being drunk on duty and of aggravated assault; and wrongful communication of a threat, in violation of Articles 90, 92, 112, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 890, 892, 912, 928, and 934, respectively. He was sentenced to confinement for 2 years and reduction to the lowest enlisted grade. The convening authority, in accordance with his pretrial agreement, reduced the confinement to 18 months but otherwise approved the sentence. The Court of Military Review affirmed the findings of guilty and the approved sentence in an unpublished opinion dated November 10, 1988.

This Court granted the following issue for review:

WHETHER APPELLANT'S PLEAS OF GUILTY, AND THE FINDINGS OF GUILTY BASED THEREON, AS TO THE TWO SPECIFICATIONS ALLEGING DRUNK ON DUTY (ADDITIONAL CHARGE III) MAY NOT BE AFFIRMED AS PROVIDENT BECAUSE APPELLANT WAS NOT "ON DUTY" WITHIN THE MEANING OF THE STATUTE WHEN FOUND DRUNK.

We hold that appellant's pleas may be affirmed as provident to the closely-related offense of incapacitation for duty through drunkenness in violation of Article 134. *See* para. 76, Part IV, Manual for Courts–Martial, United States, 1984. *See generally United States v. Epps*, 25 MJ 319, 323 (CMA 1987).

Appellant stipulated to the following facts concerning the alleged offense:

On the morning of 20 April 1988, Specialist Hoskins appeared to be intoxicated when he reported for duty. A Blood Alcohol Test was done at the 97th General Hospital, and showed a Blood Alcohol Level of 2.55, indicating that Hoskins was, in fact, drunk. By being drunk on duty Hoskins violated Article 112 of the UCMJ.

On the afternoon of 28 April 1988, Specialist Hoskins entered his company commander's office to request a two-week leave of absence prior to his upcoming court-martial. Hoskins was crying, and appeared both exhausted and intoxicated. The commander, Captain Kenneth Winkler, administered a Breathalyzer test, which was positive. Captain Winkler then told Hoskins that he could not have leave, and that he would have to move into the company barracks because of his misconduct and drinking problem. . . .

Appellant further admitted to the judge that on both of these occasions, he was arriving for work as a Multi–Channel Equipment Operator when his drunken state was discovered.

The specifications of which appellant was found guilty state:

SPECIFICATION 1: In that [the accused] was, at Building 479, Edwards Kaserne, Frankfurt, Federal Republic of Germany, on or about 1500 hours, 28 April 1988, found drunk while on duty as a Multi–Channel Equipment Operator.

SPECIFICATION 2: In that [the accused] was, at Building 479, Edwards Kaserne, Frankfurt, Federal Republic of Germany, on or about 20 April 1988, found drunk while on duty as a Multi–Channel Equipment Operator.

Appellant asserted for the first time before the Court of Military Review that he could not lawfully stand convicted of these Article 112 offenses because the record shows he was not found drunk *on duty* as required by that statute.

The Court of Military Review rejected appellant's post-findings claim. *See generally United States v. Gossett*, 14 USCMA 305, 34 CMR 85 (1963). It said:

In our opinion, "showing up" or "arriving" for scheduled work meets the "on duty" requirement for this offense. *See United States v. Dixon*, 2 C.M.R. 823, 824 (A.F.B.R.1952) (reporting for scheduled work in a drunken condition suffices for violation of Article 112 even if no duties are performed). The M.C.M., 1984, Part IV, paragraph 36(c)(2) also distinguishes "on duty" from leisure time. Thus, the appellant would not be guilty had he not "entered upon the duty at all" or "undertake[n] the responsibility." M.C.M., 1984, Part IV, para. 36(c)(3). But by reporting for scheduled duty, the appellant put himself forth as competent to perform demanding duties even though he had incapacitated himself by voluntary use of intoxicating beverages.

We find that appellant was not conscientiously trying to avoid commission of these offenses by going to his place of duty in order to "turn himself in." Accordingly, we have no doubt that the appellant violated Article 112, Uniform Code of Military Justice, by being drunk when he reported to the area of his

scheduled duty to perform that duty. Regarding the second occurrence, we find further that when the appellant requested leave, he was in the area to perform his previously assigned, regular duties. Additionally, even if his intoxication was first discovered by the commander, the appellant was on duty at that time and immediately before this discovery.

Unpub. op. at 2. We disagree as a matter of law.

■ Article 112 is the statute to be construed in the present case. It states:

§ 912. Art. 112. Drunk on duty

Any person subject to this chapter other than a sentinel or look-out, *who is found drunk on duty*, shall be punished as a court-martial may direct.

(Emphasis added.) The legislative history of this provision provides a simple reference to Article of War (AW) 85. *See* Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. 1230 (1949). The history of AW 85 (as amended December 15, 1942), however, is much more enlightening. For example, in paragraph 145, Manual for Courts–Martial, U.S. Army, 1928 (corrected April 20, 1943), a more detailed explanation of this offense is provided, as follows:

EIGHTY–FIFTH ARTICLE OF WAR

BEING FOUND DRUNK ON DUTY

*Discussion.*—Under this article it is necessary that accused be found to be drunk while actually on duty, but the fact that he became drunk before going on duty while material in extenuation is immaterial on the question of guilt. *A person is not found drunk on duty in the sense of this article, "if he is simply discovered to be drunk when ordered, or otherwise required, to go upon the duty, upon which, because of his condition, he does not enter at all."* (Winthrop.) *But the article does apply although the duty may be of a merely preliminary or anticipatory nature, such as attending an inspection by a soldier designated for guard, or an*

*awaiting by a medical officer of a possible call for his services.*

(Emphasis added.)

General Davis, in his work, *A Treatise on the Military Law of the United States* (3d ed. 1913 Revision), similarly speaks about a statutory predecessor, AW 38 (1874), at 408–09:

*Drunkenness as an Offense.*—Drunkenness not on duty, or when off duty, when amounting to a "disorder," should be charged under Article 62 unless (in a case of an officer) committed under such circumstances as to constitute an offense under Article 61.[6] So, too, an officer or enlisted man who appears at a formation for duty so much under the influence of liquor as to be incapable of its due and proper performance, and is thereby prevented from entering upon the particular duty in question, is properly chargeable with an offense under the 62d Article.[1]

While it is, in itself, an offense knowingly to allow an officer or soldier to go on duty when under the influence of intoxicating liquor, yet if he is placed on duty while partially under this influence, but without the fact being detected, and his drunkenness continues and is discovered while he remains upon the duty, he is strictly amenable under this Article, which prescribes, not that the party shall *become* drunk, but that he shall be *"found drunk"* on duty.[2]

---

[6] [Dig. J.A. Gen., 38], par. 9. An officer reporting in person drunk upon his arrival at a post, to the commander of which he had been ordered to report, *held* chargeable under this Article. And so *held* of an officer reporting when drunk to the post commander for orders as officer of the day, after having been duly detailed as such. Dig. J.A. Gen., 37, par. 3.

But where an officer, after being specially ordered to remain with his company, absented himself from it and from his duty, and while thus absent became and was found drunk, *held* that he was not strictly chargeable with drunkenness on duty under this Article, but was properly chargeable with disobedience of orders and unauthorized absence, aggravated by drunkenness. *Ibid.*, par. 4.

[1] A charge of drunkenness on duty (drill) *held* not sustained where the party was found drunk, not at or during the drill, but at the hour appointed for the drill, which, however, by rea-

son of his drunkenness, he did not enter upon or attend. The charge should properly have been laid under Article 62. *Ibid.*, 37, par. 2.

[2] Dig. J.A. Gen., 36, par. 1. *Held* that a soldier found drunk when on duty was properly convicted under this Article, though his drunkenness actually commenced before he went on the duty; his condition not being perceived till some time after he had entered upon the same. *Ibid.*

(Footnote numbering begins with 1 on each page.)

The suggestion of the court below that the mere "showing up" or "arriving" for scheduled work in all cases is "on duty" within the meaning of Article 112 exceeds this pre-code authority. *See* W. Winthrop, *Military Law and Precedents* 611–15 (2d ed. 1920 Reprint). The court below nevertheless cites *United States v. Dixon*, 2 CMR 823, 824 (AFBR 1952), a post-Code Board of Review opinion for its more extensive position. We note, however, that the drunk-on-duty charge in that particular case was actually set aside because of a failure of the Government to show a particular duty location and time. We also note that the Board of Review in *Dixon* cited certain pre-Code service opinions for the proposition that "the act of reporting for duty constitut[ed] an undertaking of the responsibility and an entering upon the duty." *Id.* at 824. We have read these same cases and do not agree that these opinions clearly establish such a broad principle. In any event, a preliminary duty to report for inspection or some other purpose prior to work as a Multi–Channel Equipment Operator was not particularly alleged or admitted in this case as otherwise required. *See generally* Winthrop, *supra* at 613; *see United States v. Dixon, supra.* Finally, we note that the President in his most recent explanation of this offense in the 1984 Manual for Courts–Martial (para. 36c, Part IV) not only fails to cite *Dixon* but instead cites * *United States v. Burroughs,* 37 CMR 775 (CGBR 1966), a case which impliedly undermines *Dixon*'s sweeping dicta.

Of course, we agree with the Court of Military Review that reporting for duty in

a drunken stupor is an offense under military law. We hold, however, that it is a different and, in theory, a less serious offense than being drunk on duty. *Compare* para. 76e, Part IV *with* para. 36e, Part IV, 1984 Manual, *supra. See generally United States v. Fretwell*, 11 USCMA 377, 380, 29 CMR 193, 196 (1960). The offense, itself well known in military law, is incapacitation for performance of duties through drunkenness. *See* para. 76, Part IV, 1984 Manual, *supra. See generally United States v. Roebuck*, 8 CMR 786, 788–89 (AFBR 1953); *United States v. Nichols*, 6 CMR 239 (ABR), *pet. denied*, 1 USCMA 727, 6 CMR 130 (1952).

■ ■ The final question we must address is whether the challenged specifications under Article 112 must be dismissed in their entirety as requested by appellant. We note that being drunk on station, as prohibited by Article 134, is a lesser-included offense of being drunk on duty, and findings of guilty for this offense might be affirmed in the present case. *See* para. 36d, Part IV, 1984 Manual, *supra*. However, as noted above, incapacitation for duty by reason of drunkenness, also punishable under Article 134, is a closely-related offense and it more appropriately conforms to the pleadings and appellant's admissions in this case. *See* para. 76, Part IV, 1984 Manual, *supra*. Findings of guilty for the latter offense can be affirmed on the basis of *United States v. Epps*, 25 MJ 319. *See United States v. Hubbard*, 28 MJ 203, 205 (CMA 1989). In view of the modified offenses affirmed in this case and the numerous other findings of guilty, sentence relief is not warranted. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

## DECISION

The specifications of Additional Charge III are amended by striking the words "found drunk while on duty as a Multi–Channel Equipment Operator," and substituting therefor the words "as a result of wrongful previous overindulgence in intoxi-

---

* Drafters' Analysis, Manual for Courts–Martial, United States, 1984 at A21–94 (Ch. 3).

cating liquor, incapacitated for the proper performance of his duties as a Multi–Channel Equipment Operator." Additional Charge III is changed to a violation of Article 134, UCMJ.

The decision of the United States Army Court of Military Review is affirmed as to the specifications of Charges I, II, III (as renumbered), and Additional Charges I, II, III (as amended), and the sentence. The findings of guilty of the language stricken from the specifications of Additional Charge III are set aside, and the stricken language is dismissed.

Chief Judge EVERETT and Judge COX concur.