UNITED STATES, Appellee,

v.

Private Donald A. RUSSELL, Jr., 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, United States Army, Appellant.

No. ACMR 8902677.

U.S. Army Court of Military Review.

16 May 1990.

For Appellant: Captain Andrew G. Oosterbaan, JAGC.

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Pursuant to his pleas, the appellant was convicted of wrongful possession and use of heroin in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982). A military judge sitting as a general court-martial sentenced him to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the findings and, in compliance with the military judge's ruling that the appellant was entitled to eighty-three days' administrative credit against the adjudged confinement, so much of the sentence as provided for a bad-con-duct discharge, ninety-seven days of the confinement adjudged, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

The appellant contends that the military judge erred in failing to grant his motion for an additional seventy-eight days' administrative credit against confinement. Appellant's motion was premised on grounds that he had been placed on restriction in a manner that was tantamount to pretrial confinement. *See United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *affirmed* 23 M.J. 246 (C.M.A.1986). Since such pretrial restraint had been imposed without a timely magisterial review in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 305(i), he claims he should have been given additional credit under R.C.M. 305(k). We agree that appellant is entitled to additional credit for pretrial restriction amounting to pretrial confinement for a period of forty-four days.[1]

On 2 May 1989, appellant and several other members of his unit were apprehended for use and possession of heroin. After three days of in-custody interrogation by criminal investigators, they were released to their unit where they were immediately restricted to the limits of their two-story barracks building and "some fenced in grounds around it." The terms of restriction permitted them to have visitors and permitted them free access to any place in the barracks or the area around it. The soldiers were allowed escorted trips to the exchange and commissary and were required to perform normal duties during the work day. These terms of restriction continued from 5 May until 10 June. On 10 June, after discovering the presence of heroin in the barracks, the unit commander made the conditions of restriction more rigorous in order to "make it a more severe punishment on them." The soldiers were required to wear uniforms at all times, had their personal possessions (radios, stereos,

---

1. On appeal, the appellant contends that he should be credited with an additional 168 days. However, appellant has placed a ceiling on his entitlement to any credit in excess of the seventy-eight days' credit he requested at trial. Under this court's holding in *United States v. Bryant*, 27 M.J. 811 (A.C.M.R.1988), a claim for additional administrative credit for illegal pretrial restriction tantamount to confinement is waived if not presented at trial.

books) taken away, were not permitted visitors, and the doors to their rooms were removed. Escorted visits to the exchange and commissary continued to be permitted and the appellant continued to perform his normal duties as a cook.

The military judge granted day-for-day confinement credit for the following periods: 2–4 May 1989 (three days) when the appellant was in pretrial custody amounting to confinement while undergoing interrogation by military criminal investigators, *see United States v. Allen*, 17 M.J. 126 (C.M.A.1984); and 5 May to 24 July 1989 (eighty days) when the appellant was on pretrial restriction which the judge ruled did not amount to confinement but constituted pretrial punishment. *See United States v. James*, 28 M.J. 214 (C.M.A.1989); *United States v. Cruz*, 25 M.J. 326 (C.M.A. 1987); *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985). We agree with the judge's legal and factual determinations giving appellant day-for-day confinement credit for the periods he spent in custody and on restriction. However, we disagree with the judge's ruling that the appellant's restriction from 10 June to 24 July was not tantamount to confinement when measured by the criteria set forth in *United States v. Smith*, 20 M.J. 528 (A.C.M.R.) *petition denied*, 21 M.J. 169 (C.M.A.1985), and *United States v. Gregory, supra*.

In determining whether pretrial restriction amounts to pretrial confinement, this court has observed:

> R.C.M. 305(a) states that "[p]retrial confinement is physical restraint...." No mention is made anywhere in R.C.M. 305 of situations involving only restriction that is tantamount to confinement. Pretrial restriction basically involves moral restraint; that is, the soldier is ordered to remain within specified limits, and he becomes morally and legally obligated to comply with the terms of this order. No locks or guards block the soldier's freedom of locomotion; only his

moral conscience thereafter circumscribes his movements. As the terms of a pretrial restriction become increasingly onerous, the nature of the accused's pretrial restraint moves further along the spectrum between restriction and confinement, until it finally becomes restriction tantamount to confinement.

*United States v. Gregory*, 21 M.J. at 955 (footnote omitted). This court has declined to articulate a "bright line" test but instead employ a "totality of the circumstances" test because it is better suited "to handle the subtle nuances" of each individual case. *United States v. Gregory*, 21 M.J. at 955 n. 8.

In this case, "when the results of our factual analysis are duly recorded on the 'restraint' to 'confinement' spectrum, these onerous conditions clearly rendered the appellant's restriction tantamount to confinement." *United States v. Smith*, 20 M.J. at 532. The conditions of appellant's restriction that support a ruling contrary to that of the trial judge include: the very small area of the military compound and barracks in which the appellant was ordered to remain; the removal of all personal property which the appellant could use as a source of amusement; the lack of privacy resulting from removal of doors to his room; the removal of appellant's civilian clothes; and the denial of visitors. Collectively, these conditions establish more than just a moral restraint on appellant's liberty but a physical one as well.

 R.C.M. 305(i) required review and approval of appellant's restraint by a neutral and detached officer within seven days of 10 June, the date the onerous conditions on appellant's restriction were imposed. As this did not occur, the appellant is entitled to forty-four days' credit "in addition to any other credit the accused may be entitled as a result of pretrial confinement served." [2] As appellant has served his sen-

---

**2.** Appellant also argues that he is entitled to another forty-four days' credit for the 10 June to 24 July period. He reasons that the credit given by the military judge for that time period compensated him only for the abject conditions imposed during his restriction but did not consider the restraint on his liberty as well. Appellant's argument has surface appeal but is nonetheless without merit. First of all, he did not make such a request at trial with sufficient lucidity to

tence to confinement, we will order the credit applied against adjudged forfeitures. *Cf.* R.C.M. 305(k) ("if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit ... shall be applied against ... forfeiture of pay").

We have considered the appellant's other contention raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find it to be meritless.

The findings of guilty and the sentence are affirmed. An administrative credit consisting of forty-four days' forfeiture of pay will be applied against the forfeitures affirmed by this court.

Senior Judge DeFORD and Judge KANE concur.

enable the military judge to consider and act upon it. This amounts to waiver. *United States v. James, supra; see also United States v. Means,* 20 M.J. 522 (A.C.M.R.1985) affirmed, 24 M.J. 160 (C.M.A.1987). Moreover, additional credit is not warranted in this case. We ruled that the appellant's restriction was tantamount to confinement for R.C.M. 305(k) purposes because of the onerous conditions applied during its imposition. Those same conditions underpinned the military judge's decision to grant credit for pretrial punishment. Had those conditions been absent, appellant would not have been entitled to any credit for simply being placed on restriction. Appellant has already been compensated for the impropriety. That the military judge and this court have given different labels to the same impropriety does not warrant more than one remedy. To rule otherwise would grant appellant a windfall.