**UNITED STATES, Appellee,**

v.

**Private E2 Scott W. McFATRICH, 496–88–8392, United States Army, Appellant.**

**ACMR 9002927.**

U.S. Army Court of Military Review.

10 June 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Michael Huber, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSTON, Judge:

In accordance with his pleas, the appellant was convicted of two specifications of violating a lawful general regulation, one specification of wrongful use of marijuana, and an additional specification of wrongful possession and use of marijuana, in violation of Articles 92 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892 and 912a (1982 & Supp. V 1987). The military judge, sitting as a special court-martial, sentenced him to a bad-conduct discharge, confinement for three months, forfeiture of $460.00 pay per month for six months, and reduction to Private E1. The convening authority approved the sentence.

The appellant contends that his plea of guilty to a violation of a lawful general regulation that prohibits being on duty with a blood-alcohol level of .05 percent or above was improvident because he was not "on duty" within the meaning of the regulation. We disagree.

The regulation that the appellant violated states in pertinent part:

> Military personnel *on duty* will not have a blood alcohol level of .05 percent or above.... To be in violation of this provision, a soldier must have known or should reasonably have known prior to becoming impaired that he or she had duties to perform.

Army Reg. 600–85, Personnel–General: Alcohol and Drug Prevention and Control Program, para. 1–10b (21 Oct. 1988) (emphasis added).

During the providence inquiry, the appellant informed the military judge that he began the normal duty day at a regularly scheduled physical training formation after a hard night of partying and drinking. During the initial formation, the entire platoon was sent for Breathalyzer testing. Because the content of the appellant's sample was over .05 percent blood-alcohol level,

he was required to report to the military police station for another test. The second test indicated a .08 percent reading.

The appellant admitted during the providence inquiry that while he was drinking he knew he had duty the next day. He also admitted that he had attended a regularly scheduled physical training formation the morning of the test. Although he explained that he did not think he was drunk and that he could have performed his duties, nevertheless, he agreed that his blood-alcohol content exceeded the limit established by the regulation. He acknowledged that his violation of the regulation was wrongful.

In considering a similar offense in *United States v. Hoskins*, 29 M.J. 402 (C.M.A. 1990), the Court of Military Appeals held that arriving for duty in a drunken state was not necessarily "on duty" within the meaning of Article 112, UCMJ, 10 U.S.C. § 912. The appellant contends that the "on duty" requirement that exists for Article 112, UCMJ, also applies to a prosecution brought under Article 92, UCMJ, for violating the provisions of paragraph 1–10b, Army Regulation 600–85.

The appellant's reliance on *Hoskins* is misplaced. *Hoskins* focused on whether a soldier was ever "on duty" if he appeared to be intoxicated when he reported for duty. The case at bar focuses on a regulation that, in effect, proscribes certain conduct, *i.e.*, drinking to excess prior to or during known military duties.

Being found drunk on duty in violation of Article 112, UCMJ, or being incapacitated prior to assuming duty in violation of Article 134, UCMJ, 10 U.S.C. § 934, are not issues in this case. *See id.; United States v. Roebuck*, 8 C.M.R. 786 (A.F.B.R.1953). The charge against the appellant resulted when he excessively drank alcohol knowing that he had duty within a relatively few hours. Although he may not have been

drunk or incapacitated for duty, the blood-alcohol test documented the extent of his partial impairment.

 The regulation at issue seeks to deter soldiers from knowingly jeopardizing their capacity to perform military duties. The regulation applies even though they may not be "drunk" prior to assuming duties or obviously incapacitated while on duty. Just as an aircraft mechanic, medical technician, or artillery crewman cannot be permitted in the military to drink excessively before assuming duties (knowing full well that his or her duty performance may be somewhat diminished thereby), neither can the appellant start his duty day with a blood-alcohol level in excess of .05 percent.

Accordingly we hold that the appellant's plea of guilty was provident to a violation of a punitive lawful general regulation.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant asserts that he was denied the effective assistance of counsel. We have carefully examined the appellant's affidavit, the affidavit submitted by his trial defense counsel, and the record of trial. We are satisfied that the appellant received the effective assistance of counsel and that his remaining allegations are without merit. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Polk*, 32 M.J. 150 (C.M.A. 1991).

The findings of guilty and the sentence [1] are affirmed.

Senior Judge NAUGHTON and Judge GRAVELLE concur.

---

**1.** The purported maximum sentence under Article 92, UCMJ, for a violation of paragraph 1–10b, Army Regulation 600–85, is a dishonorable discharge, forfeiture of all pay and allowances, and confinement for two years. The maximum for the offense of drunk on duty in violation of

Article 112, UCMJ, is a bad-conduct discharge, forfeiture of all pay and allowances, and nine months' confinement. It would make little sense to interpret the applicable provisions in such a manner that the maximum authorized punishment for partial incapacitation, as evi-

denced by a blood-alcohol test, would be greater than the maximum for being totally incapacitated. *Compare* Manual for Courts–Martial, United States, 1984, Part IV, para. 16, failure to obey order or regulation, with para. 36, drunk on duty. The adjudged and approved sentences in this case are within the authorized maximum punishment limitation.