UNITED STATES, Appellee,

v.

Specialist Robert C. BROWN, 263–51–7689, United States Army, Appellant.

ACMR 9002270.

U.S. Army Court of Military Review.

30 Aug. 1991.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Kenneth T. Grant, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to mixed pleas, the appellant was found guilty of violating a lawful general regulation, wrongful appropriation (two specifications), wrongful use of marijuana, and incapacitation for performance of duties through prior indulgence in intoxicating liquor, in violation of Articles 92, 112a, 121 and 134, Uniform Code of Mili-

tary Justice, 10 U.S.C. §§ 892, 912a, 921 and 934 (1982 and Supp. V, 1987), respectively. The military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for two months, forfeiture of $300.00 pay per month for two months and reduction to Private E1. The convening authority approved the sentence.

The appellant asserts, *inter alia*, that he was deprived of effective assistance of counsel in the presentencing phase of trial because his trial defense counsel failed to investigate or raise the issue of his pretrial restraint after he told the counsel prior to trial that he had been under "house arrest" from 1 May to 26 July 1990. We agree that the defense counsel erred but do not find that she was ineffective.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), defines the standard for measuring claims of ineffectiveness of counsel. This standard has been adopted for courts-martial. *United States v. Scott*, 24 M.J. 186, 187 (C.M.A.1987). Under *Strickland*, the appellant must first show that his defense counsel's performance was deficient, and second, the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064.

Under *Strickland*, the proper standard for judging attorney performance is that of reasonably effective assistance, taking into account all the circumstances, using an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691, 104 S.Ct. at 2066. Our scrutiny must be deferential and untinged by the distorting effects of hindsight. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 690, 104 S.Ct. at 2065. Errors of professional judgment must be "so serious that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *Id.* at 687, 104 S.Ct. at 2064. Counsel is not required to be error-free. *United States v. Barnard*, 32 M.J. 530, 532 (A.F.C.M.R.1990). "In determining prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The errors shown must have pervasive impact. *Barnard*, 32 M.J. at 533. "In making this determination, a court hearing an ineffectiveness claim should consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069.

In a post-trial affidavit submitted pursuant to *United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989), the appellant asserts that he was restricted to his barracks, except for appointments approved by his first sergeant or commander, from 30 April 1990, until his trial; that he was required to be escorted to appointments (but his first sergeant permitted him to go to appointments unescorted on several occasions); that he was to remain at the charge of quarters desk during the duty day; and, that he was to sign in every hour on the hour between 1800 hours and lights out. He also asserts that he told his defense counsel, Captain M, about the restriction at their first meeting, but CPT M told him not to mention the restriction at trial. By way of a reply affidavit, Captain M asserts that the appellant never told her until three days before trial about the restriction. Further, Captain M asserts, *inter alia*, that:

I did not believe his restriction was tantamount to confinement because SPC Brown had lied to me concerning other matters in his case, he said he was spending the majority of his time at the USO, he left his barracks to retrieve a portable radio, ... he worked in the R&U unit, he never had an escort for any of our meetings, he could and did obtain liquor, he never mentioned a sign-in requirement and never mentioned that he could only leave the barracks for approved appoint-

ments. Since I did not believe that his restriction was tantamount to confinement, I did not bring up a frivolous issue at trial. However, at no time did I ever tell SPC Brown that he should not bring up his restriction at trial.

At trial, the charge sheet reflected no pretrial restraint, and the trial counsel informed the military judge that there had been no restraint. When the military judge asked if the data on the charge sheet was correct, Captain M answered in the affirmative. There was no mention whatsoever of any pretrial restraint during extensive presentencing proceedings.

It is clear from her affidavit that Captain M never closely questioned the appellant about pretrial restraint during their meetings prior to trial and never followed up on the information once he told her about the restriction. She asserts that it was only after trial that they seriously discussed the pretrial restraint, causing her to mention it for the first time in the post-trial clemency submission to the convening authority.

 It is also clear from her affidavit and from her inaction in court that Captain M misunderstands the necessity for presenting evidence of pretrial restraint regardless of whether it is tantamount to confinement. She clearly implies in her affidavit that any restraint not amounting to confinement is *de minimis*, in viewing it as a "frivolous issue" to raise at trial. We disagree. The duration and nature of any pretrial restraint, regardless of whether it is tantamount to confinement, is a relevant factor in determining an appropriate sentence. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(1) [hereinafter R.C.M.]. *See United States v. Russell*, 30 M.J. 977 (A.C.M.R.1990).

The facts asserted in the competing affidavits are in dispute. However, even assuming Captain M's version of the facts, we find that she failed to follow up on the pretrial restraint information prior to trial and did nothing with it at trial. As Judge Cox found in *United States v. Polk*, 32 M.J. 150, 153 (C.M.A.1991), we find Captain M's conclusion that the appellant had lied is "... conclusory, self-serving and inadequate to justify [her] failure to do every-

thing legally and ethically required...." This failure was based on her misunderstanding of the need to bring pretrial restraint to the attention of the sentencing authority. This failure fell below the level of performance expected of counsel practicing before courts-martial, but we hold that it did not amount to ineffectiveness of counsel as defined by the Supreme Court. We find that Captain M provided the appellant with reasonably effective presentencing assistance in this case, considering the totality of the presentencing evidence presented to the sentencing authority.

Captain M's misperception of the value of pretrial restraint in the presentencing proceeding prevented the matter of pretrial restraint from being raised at trial. This precluded the military judge from determining if the pretrial restraint amounted to restriction tantamount to confinement. *See, e.g., United States v. Villamil–Perez*, 29 M.J. 524 (A.C.M.R.1989), *pet. granted*, 31 M.J. 405 (C.M.A.1990), *aff'd*, 32 M.J. 341 (C.M.A.1991); *Russell*, 30 M.J. 977. The conflicting affidavits make it impossible for us to resolve this factual question. However, assuming, *arguendo*, that the restriction was tantamount to confinement and that sentence credit under R.C.M. 305 is warranted, we will grant the sentencing relief requested by appellate defense counsel: setting aside that part of the sentence extending to forfeitures of pay, since the appellant's sentence to confinement has already been served. R.C.M. 305(i) and (k); *Russell*, 30 M.J. at 979–80.

The appellant further asserts that the military judge erred in ruling that two specifications of wrongful appropriation, which occurred at the same time and place, but involving different victims were not multiplicious for findings purposes. The government concedes that the two offenses are multiplicious for findings and should be consolidated. Manual for Courts–Martial, United States, 1984, Part IV, para. 46c(1)(h)(ii); *United States v. Campbell*, 22 M.J. 99 (C.M.A.1986) (summary disposition); *United States v. Huggins*, 17 M.J. 345 (C.M.A.1984) (summary disposition).

 While not raised as error, we find improvident the appellant's plea of guilty

to incapacitation for performance of duties through prior indulgence in intoxicating liquor. During the providence inquiry, the appellant admitted that he had been drinking on the lunch hour and was in fact drunk. He admitted that he would have been incapacitated from doing his normal duties as a cook. However, on the day of the incident, he was assigned to the duty of raking rocks in the motor pool. During the providence inquiry he said, "[o]n second— on the other offense about being incapacitated on duty at the time I didn't think I was incapacitated to rack [sic] rocks, but if I was to do my normal duties, I would have been definitely incapacitated." This failure to admit guilt requires that the plea be set aside. R.C.M. 910(e); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969); *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). In the interest of judicial economy, we will dismiss that charge.[1]

Specifications 2 and 3 of Charge III are consolidated by inserting in Specification 2 the words "approximately six pounds of fish, more or less, and three pounds of ham, more or less, of some value, the property of the United States." The finding of guilty of Specification 2 of Charge III, as amended, is affirmed. The finding of guilty of Specification 3 of Charge III is set aside and that Specification is dismissed. The findings of guilty of Charge IV and its Specification are set aside and are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, this Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for two months and reduction to Private E1.

Senior Judge JOHNSON and Judge WERNER concur.

**1.** We find that this particular error does not affect the sentence in this case because the military judge found that this offense was multiplicious for sentencing purposes with the offense of disobeying a general regulation by being on duty with a blood alcohol content exceeding .05 percent. This same regulatory provision is discussed in *United States v. McFatrich*, 32 M.J. 1039 (A.C.M.R.1991). Further, our action in dismissing the charge moots the remaining assertion of error regarding multiplicity for findings purposes of these two charges.