**UNITED STATES, Appellee,**

v.

**Specialist Donald L. RICHARDSON, 408–49–4693, United States Army, Appellant.**

**ACMR 9100663.**

U.S. Army Court of Military Review.

16 April 1992.

For Appellant: Colonel Robert B. Kirby, JAGC, Lieutenant Colonel James H. Weise, JAGC, Captain James M. Heaton, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before CREAN, DOGGETT, and HAGAN, Appellate Military Judges.

OPINION OF THE COURT

DOGGETT, Judge: *

Appellant, pursuant to his pleas, was found guilty by a military judge sitting as a general court-martial, of violating a lawful general regulation by wrongfully importing marijuana in the hashish form into the Federal Republic of Germany, and wrongful possession, distribution, possession with intent to distribute, and use of marijuana in the hashish form at various times over a two-year period, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a (1982 and Supp. V 1987) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for nine years, total forfeiture of all pay and allowances, and reduction to Private E1. The convening authority reduced the period of confinement to five years, but otherwise approved the adjudged sentence.

Although the appellant raises three assignments of error, we find that only one merits comment. The appellant contends that he is entitled to receive seventy-one days of administrative credit against his sentence of confinement because he had been placed on restriction for thirty-nine days in a manner that was tantamount to pretrial confinement while serving in the Kingdom of Saudi Arabia in Operation Desert Storm. The appellant further alleges that since the pretrial restraint had been imposed without a timely magisterial review in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.], he is also entitled to receive an additional administrative credit of thirty-two days under R.C.M. 305(k). We disagree.

Prior to sentencing at trial, the military judge inquired as to the nature of any restraint imposed on the appellant as follows:

MJ: Nature of restraint, none. There's absolutely no restriction, so, there's no issue about restriction tantamount to confinement?

TC: That's correct, Your Honor.

DC: Correct, Your Honor.

After trial, Captain (CPT) M, the trial defense counsel, in matters submitted to the convening authority pursuant to R.C.M. 1105, stated that the appellant should be granted thirty-nine days of administrative credit against his adjudged sentence of confinement. Captain M alleged, for the first time, that the appellant had been placed on restriction while deployed with Operation Desert Storm in Saudi Arabia from 16 October 1990 through 24 November 1990. Captain M baldly asserted in her R.C.M. 1105 matters that the appellant was subjected to restriction tantamount to confinement for the following reason:

He was ordered to stay in his Platoon Sergeant's tent. He was not allowed to perform any military duties. His weapon was taken away from him. SPC Richardson had an NCO escort whenever he left his platoon sergeant's tent. He was permitted to go to the latrine, messhall and px [sic]. However, as stated previously, he was always under the watchful eye of an NCO.

There was no documentation or other evidence submitted to the convening authority to support CPT M's claim. Additionally, the charge sheet did not reflect the imposition of any pretrial restraint nor was this issue ever raised during the extensive presentencing proceedings.

 Where an appellant has been subjected to pretrial restraint under conditions so onerous that it constitutes restriction tantamount to confinement, that appellant is entitled to the same day-for-day administrative credit against his sentence as if he had been placed in actual pretrial confinement. *United States v. Mason*, 19 M.J. 274 (C.M.A.1985) (summary disposition); *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *aff'd*, 23 M.J. 246 (C.M.A.1986); *United States v. Russell*, 30 M.J. 977 (A.C.M.R.1990); *United States v. Smith*, 20 M.J. 528 (A.C.M.R.), *pet. denied*, 21 M.J. 169 (C.M.A.1985). The issue of whether any alleged restriction is tantamount to confinement is a question of fact to be determined employing a "totality of the circumstances" test. *Russell*, 30 M.J. at

---

* Judge John J. Doggett, III, took final action on this case prior to his release from active duty.

979; *Gregory,* 21 M.J. at 955. Under this test, conditions of restriction that may be found to be "onerous" and thus tantamount to confinement in one environment or location may be found to be less burdensome and oppressive upon the individual in other circumstances.

Captain M had a duty to inquire and determine the duration and nature of any pretrial restraint. Such information, regardless of whether the restriction is tantamount to confinement, is always a relevant factor in determining an appropriate sentence. R.C.M. 1001(b)(1). *United States v. Brown,* 33 M.J. 743 (A.C.M.R. 1991);[1] *see Russell,* 30 M.J. at 977. Captain M's failure to adequately inquire into the issue of pretrial restraint prevented the matter from being raised and properly considered during the presentencing proceedings. We find, however, as this Court also did in *Brown,* that though CPT M's performance fell below the level expected of counsel practicing before courts-martial, it did not constitute ineffective assistance of counsel as defined by the Supreme Court in *Strickland.*[2]

The record clearly shows, however, that the trial defense counsel's request for sentence credit and her statement of the alleged conditions of appellant's pretrial restraint were carefully considered by the staff judge advocate in his recommendation to the convening authority, and were properly submitted to the convening authority for his consideration prior to taking final action. The staff judge advocate's opinion that no corrective action with respect to the sentence was warranted indicates that he found the claim of restriction tantamount to confinement to be without merit. Although silent as to the reasons for his determination, this review was proper under the standards of review set out in *United States v. Hill,* 27 M.J. 293 (C.M.A.1988).

Based on our review of the statement submitted by CPT M, we find that the determinations by the staff judge advocate and the convening authority that there was not restriction tantamount to confinement warranting sentence credit under *Mason* were correct. Applying the "totality of the circumstances" test of *Gregory,* we find that the evidence submitted by defense counsel alleging the conditions of restraint on the accused in Saudi Arabia is insufficient, under the circumstances of duty at that time and place, to constitute restriction "tantamount to confinement." Therefore, we hold that the appellant is not entitled to any administrative credit for his alleged pretrial restriction.[3]

We have also carefully considered the remaining assignments of errors and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge HAGAN concur.

---

**1.** In *Brown,* this same defense counsel failed to adequately raise the issue of pretrial restraint. Her failure to do so fell below the level of performance expected of counsel practicing before courts-martial but did not amount to ineffectiveness of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It should be noted that the decision in *Brown* was issued after the trial date in the case now before us.

**2.** We also note that the appellant does not allege that CPT M's performance during the trial amounted to ineffective assistance of counsel.

**3.** Since we find that the restriction, as alleged, was not tantamount to confinement, we need not address the issue of additional credit under R.C.M. 305(k).