OPINION OF THE COURT
PER CURIAM:
Contrary to his pleas, the appellant was found guilty, by a general court-martial com-' posed of officer and enlisted members, of conspiracy to commit robbery, robbery, and aggravated assault in violation of Articles 81, 122, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922, and 928 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to Private El. In the exercise of his clemency powers, the convening authority reduced the period of confinement to nine years, but otherwise approved the sentence as adjudged.[1]
Before this court, the appellant asserts, inter alia, that the evidence is insufficient to support his conviction. He further contends that the military judge erred in failing to find that he was denied his right to a speedy trial because of his being placed on “restriction in lieu of arrest,” rather than “conditions on liberty,” for 130 days. We disagree.
The test for legal sufficiency of the evidence is whether a reasonable fact finder, viewing the evidence in the light most favorable to the prosecution, could find all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Blocker, 32 M.J. 281, 284 (C.M.A.1991). For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant’s guilt beyond a reasonable doubt. UCMJ art. 66(c), 10 U.S.C. § 866(c); United States v. Turner, 25 M.J. 324, 325 (C.M.A.1987). After carefully reviewing the evidence, which included the testimony of all six victims, the appellant, and two of his three co-conspirators, we hold that the evidence satisfies both tests.
The appellant also asserts that the military judge erred in finding that the circumstances of his pretrial restraint did not constitute “restriction in lieu of arrest,” but were merely “conditions placed on his liberty similar to the pulling of pass privileges.” This is a distinction with a difference under Rule for Courts-Martial 707 [hereinafter R.C.M.], since the former triggers the speedy trial clock, while the latter does not. United States v. Reynolds, 36 M.J. 1128, 1130 (A.C.M.R.1993); United States v. Brodin, 25 M.J. 580, 581 (A.C.M.R.1987).
When a single soldier who lives in the barracks is restricted to the limits of a military installation, the action is commonly characterized as “pulling pass privileges.” This has been held not to be restriction for speedy trial purposes. United States v. Wilkinson, 27 M.J. 645 (A.C.M.R.1988), pet. denied, 28 M.J. 230 (C.M.A.1988). Since the post or kaserne on which a soldier’s unit and the barracks are situated is normally a self-contained community with support facilities sufficient to meet his needs, limiting the soldier from the privilege of departing the installation for travel, recreation, socializing, or shopping is not a significant restraint on his liberty. Thus, such a restriction is characterized as “conditions on liberty.” R.C.M. 304(a)(1); United States v. King, 30 M.J. 59, 62 n. 6 (C.M.A.1990).
We are not convinced that the same can be said of a married soldier who is assigned to off-post government quarters, particularly in a foreign country. Family responsibilities might appropriately be viewed by some as a privilege, but they are certainly not of the nature contemplated to be “pulled” for the *832 purposes of R.C.M. 707 analysis. In light of the importance the Army places on the family, it can hardly be suggested that going home at the end of each duty day and over weekends is merely a privilege that can be treated as lightly as a trip off-post for the barracks-bound soldier.
The appellant was married. He, his wife, and their two-year-old daughter occupied government quarters located in Hainerberg, Germany, away from the appellant’s military installation. Although we are aware that the appellant’s wife was employed, no evidence was offered to clarify the extent of the appellant’s responsibilities as a husband and father, or whether an alternative support system existed to satisfy those responsibilities. We also note that none of the offenses alleged, were committed against any of the appellant’s family members.
The nature of restraint is determined by examining the totality of the circumstances. See United States v. Russell, 30 M.J. 977, 979 (A.C.M.R.1990) (citing United States v. Gregory, 21 M.J. 952, 955 (A.C.M.R.1986)). Prior to 9 March 1991, the appellant had been living off-post in government housing with his wife and daughter. His restriction required him to live at McCully Barracks, and later at Camp Pieri, instead of at home. In the initial stages of his restriction, he was not allowed to leave McCully Barracks without an escort for other than official duty. At an indeterminate point, prior to but no later than 10 April 1991, he was allowed to go home after duty to see his family, provided he returned to McCully Barracks by midnight.
When a married soldier is ordered to move from his off-post family quarters into the barracks pending charges, the restraint on his liberty and the interference with his normal family life could amount to more than “conditions on liberty” or “pulling pass privileges,” depending on the degree and the duration of disruption which the soldier’s physical separation from his family has on his husband/father responsibilities.
Even if the nature of the appellant’s restraint in the instant case is properly characterized as “restriction in lieu of arrest,” this restraint was lifted for over a week prior to the preferral of charges on 19 April 1991. If a soldier is released from pretrial restraint for a significant period, the 120-day speedy trial accountability rule starts again on the earlier of the three events listed in R.C.M. 707(a), one of which is the preferral of charges.[2] R.C.M. 707(b)(3)(B); United States v. Cornelius, 37 M.J. 622, 626 (A.C.M.R.1993). Accordingly, we agree with the military judge that the 120-day speedy trial accountability rule under R.C.M. 707 was not violated when the appellant was arraigned 97 days later on 25 July 1991.
We also have considered the remaining assignments of error, including those personally raised by the appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and hold that none warrant relief. We specifically reviewed with great care the appellant’s claim that his trial defense counsel fell short of the competency standards under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Scott, 24 M.J. 186 (C.M.A.1987). We find that the appellant has failed to meet his heavy burden of showing that his trial defense counsel’s performance was deficient and that the deficiency resulted in prejudice. Accordingly, the strong presumption that his trial defense counsel was competent prevails. Strickland, 466 U.S. at 698-700, 104 S.Ct. at 2070-71; Scott, 24 M.J. at 188; United States v. Crum, 38 M.J. 663 (A.C.M.R.1993).
The findings of guilty and the sentence are affirmed.

. According to the staff judge advocate's post-trial recommendation, he carefully considered the record of trial, the results of trial of the coaccuseds, and the appellant's cooperation in the prosecution of the co-accuseds when he recommended to the convening authority that he reduce the adjudged sentence to confinement from twelve to nine years. We note also that the trial counsel argued for a nine-year period of confinement.

. The other two events are the imposition of restraint under R.C.M. 304(a)(2)-(4) and the entry on active duty under R.C.M. 204.