PER CURIAM.
The undisputed facts reveal that the defendant, about to board a plane, placed his carry-on luggage, a closed, zippered canvas bag, on the conveyor belt at a security checkpoint at the Miami International Airport. The x-ray screening device disclosed what appeared to be a pistol inside the bag. A police officer unzipped the bag and found therein a zippered soft black gun bag containing a loaded Browning pistol. The defendant was charged with carrying a concealed firearm in violation of Section 790.-01(2), Florida Statutes (1981). The trial court, finding that these undisputed facts did not establish a prima facie case of guilt against the defendant, granted Molins’ sworn motion to dismiss. The State appeals. We reverse.
For an accused to be found guilty of the offense of carrying a concealed firearm, the firearm must not only be hidden from the ordinary sight of another person, as here, but must as well be “on or about the person,” Ensor v. State, 403 So.2d 349, 354 (Fla.1981). A firearm is considered “about the person” if it is “readily accessible” to him. Ensor v. State, supra. A firearm in a closed briefcase, see Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976), and one in a closed but unlocked center console of an automobile, see State v. Butler, 325 So.2d 55 (Fla. 3d DCA 1976), have been held to be sufficiently accessible to the person carrying the briefcase or seated next to the console for the purposes of the statute. While it is true that in order for the defendant to gain access to the firearm in the present case, he would have had to unzip two containers, in our view the firearm was not any less accessible than one in a locked glove compartment of a vehicle which, according to Ensor, may be considered, in the words of the statute, “about the person.” [1] It may be that it can be shown at trial, or even beforehand through a more detailed motion to dismiss, that the firearm was not “readily accessible.” However, the bare bones allegation in the defendant’s motion that the firearm was doubly encased, as described, does not make the firearm inaccessible as a matter of law so as to warrant a dismissal of the charge against the defendant.
Reversed and remanded.

. In 1982, the legislature amended the concealed weapon statute and provided, inter alia, that a firearm or other weapon in a vehicle’s glove compartment, whether or not locked, is by definition “securely encased,” and the possessor thereof does not violate Section 790.01. See Chapter 82-131, House Bill No. 1173, effective April 6, 1982. This amendment is applicable only to the possession of concealed firearms within the interior of a private conveyance. Moreover, thq offense herein occurred on November 24, 1981.