UNITED STATES, Appellee,

v.

Russell A. STEPHENS, Staff Sergeant,
U.S. Marine Corps, Appellant.

No. 52,145.
NMCM 83 3570.

U.S. Court of Military Appeals.

Nov. 23, 1987.

For Appellant: *Captain Mark Foster, USMC* (argued); *Commander Joe B. Durham, JAGC, USN* (on brief).

For Appellee: *Major Frank F. Krider, USMC* (argued); *Captain Carl H. Horst, JAGC, USN* and *Lieutenant Commander R. Clayton Seaman, Jr., JAGC, USN* (on brief); *Captain W.J. Hughes, JAGC, USN, Commander Michael P. Green, JAGC,*

*USN, Lieutenant Commander John B. Holt, JAGC, USN.*

## PER CURIAM:

Pursuant to his pleas, appellant was convicted of larceny of government money, filing false claims, and bribery, in violation of Articles 121, 132, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 932, and 934, respectively. He was sentenced by members to confinement for 2 months, forfeiture of $366.00 pay per month for 2 months, reduction to E–1, and a bad-conduct discharge. The convening authority approved the sentence but deferred and suspended confinement pursuant to a pretrial agreement. The supervisory authority disapproved the findings of guilty of larceny pursuant to the recommendation of his staff judge advocate, but upon his reassessment, he approved the sentence except for confinement. The Court of Military Review affirmed. Appellant now complains that the conduct of his civilian counsel and his appointed military counsel denied him a fair trial.[1]

The events that led up to appellant's arrest are fairly simple. He approached a disbursing clerk and offered him a bribe of $200 to process a false claim for $1,200. The clerk immediately reported the incident to his superiors, who in turn contacted the Naval Investigative Service (NIS) to observe the forthcoming illegal transaction. NIS agents witnessed the crime, and appellant was apprehended after he paid the clerk the $200.

Appellant sought the services of Major C. L. Lowder, USMC, the senior defense counsel on base. Eventually, Major Lowder was appointed defense counsel for appellant. After awhile, appellant became interested in employing civilian counsel and retained a civilian attorney, Mr. Terence L. Lewis. The record of trial and the allied papers support the conclusion that both Major Lowder and Mr. Lewis competently represented appellant. The charges were fully investigated; and, based on the overwhelming evidence against him, counsel recommended that he negotiate a plea of guilty. Appellant insisted that he was not guilty of the larceny charge because he would have paid back the money if the false claim had been detected by finance auditors. Efforts were made by counsel on behalf of appellant to persuade the Government to accept a plea to wrongful appropriation of government funds, instead of larceny, to accommodate his insistence that he did not intend to permanently deprive the Government of the funds.

Notwithstanding counsels' efforts, the Government would not reduce the charges.

1. We granted review of the following issues:

I

WHETHER APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO DISCOVERY WHEN All DISCOVERY REQUESTS CONCERNING TRIAL DEFENSE COUNSEL WERE OPPOSED BY THE GOVERNMENT AND DENIED BY THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW WITHOUT STATED BASIS THUS DEPRIVING APPELLANT OF HIS RIGHT TO FULL AND VIGOROUS APPELLATE REPRESENTATION AND THE CONCOMITANTLY PLACED LIMITATIONS ON HIS RIGHT TO FULLY RAISE DEFENSE COUNSEL LOYALTY/EFFECTIVENESS ISSUES ON APPEAL.

II

WHETHER MILITARY TRIAL DEFENSE COUNSEL'S AMWAY ASSOCIATION AND REPEATED ILLEGAL COMMERCIAL AMWAY SOLICITATIONS OF APPELLANT PRECLUDED TOTAL LOYALTY TO APPELLANT AT TRIAL AS EVIDENCED *INTER ALIA* BY THE MILITARY TRIAL DEFENSE COUNSEL ATTEMPTING TO GAIN AN ECONOMIC ADVANTAGE FROM APPELLANT BASED ON THE ADJUDGED BAD–CONDUCT DISCHARGE.

III

WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF DETAILED DEFENSE COUNSEL WHEN THIS COUNSEL/AMWAY DISTRIBUTOR *INTER ALIA* FAILED TO INTERVIEW ANY GOVERNMENT WITNESSES, THEN STEERED APPELLANT TO A DART DRUG CIVILIAN LAWYER WHO HIMSELF NEVER INTERVIEWED THE GOVERNMENT WITNESSES, AND THEN MINUTES BEFORE TRIAL TO OVERCOME APPELLANT'S PROTESTATIONS OF INNOCENCE INTENTIONALLY MISADVISED APPELLANT THAT FAILURE TO SIGN THE PROFFERED SPECIAL COURT–MARTIAL AGREEMENT WOULD RESULT IN A GENERAL COURT–MARTIAL REFERRAL AND NINE YEARS AT LEAVENWORTH.

The offenses were referred to a special court-martial, and despite his earlier objections to the larceny charge, appellant entered pleas of guilty thereto as well as to the false-claim charges. The military judge carefully and fully explored the elements of the larceny guilty plea and accepted it as provident.

Appellant now claims that he was innocent of larceny and that he was coerced into pleading guilty by Major Lowder. He ascribes as a motive for the coercion a convoluted scenario in which he asserts that Major Lowder convinced him to plead guilty so he would receive a discharge from the service; if he got the discharge, he would then need a job; Major Lowder then solicited him to become a dealer of Amway products, a venture that would result in great profit to Major Lowder as his sponsor. Hence, according to appellant, Major Lowder placed him in the vulnerable position of having to accept the opportunity.

He also claims he agreed to plead guilty because Major Lowder allegedly told him he could face a general court-martial and 9 years' confinement at Fort Leavenworth if he refused to do so.

■ While we find that Major Lowder's conduct in using his superior position to attempt to influence appellant into becoming an Amway dealer highly improper conduct (see SECNAVINST 5370.3g, 4 Aug 77), the record is devoid of any causal connection between the Amway deal and appellant's decision to plead guilty. Indeed, all evidence in support of appellant's assertion shows that the solicitation of him took place "after the fact" of the court-martial.

The staff judge advocate promptly investigated appellant's claims of coercion and wrongdoing by both military and civilian counsel. He reported appellant's allegations and the conclusions of the investigation in an addendum to his Staff Judge Advocate's Review to the Commanding General, Marine Corps Development and Education Command, the supervisory authority. He concluded that appellant's "contentions concerning the adequacy of his detailed and civilian counsel ... [were] without merit." He was "convinced, however, that the advice given ... [appellant] by the detailed defense counsel concerning the possibility of trial by general court-martial amounted to misinformation and, under the circumstances of this case, constituted undue pressure upon the accused to enter a plea of guilty to Charge I" (the larceny charge). He then recommended that the findings of guilty to Charge I be set aside. He also advised that "a separate investigation" into the Amway solicitation was underway. Based upon this recommendation, the supervisory authority set aside the larceny charge but approved the bad-conduct discharge.

■ Appellant is not satisfied with the remedy, asking now "that all charges and specifications be dismissed" but citing no authority for such an extraordinary remedy.

This Court has been ever vigilant to claims of ineffective assistance of counsel. *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). "In order to prevail on an ineffectiveness of counsel claim, an accused must establish both incompetence and prejudice." *Id.* at 188. We are reluctant to conclude that an attorney is "incompetent" for trying to persuade his client to enter into a favorable plea bargain. This is particularly true in a case such as this where the Government enjoys an overwhelming case and is willing to permit an accused to walk away with no confinement in the face of a possible lengthy period of confinement and a dishonorable discharge.

In this case, however, we agree with the staff judge advocate that defense counsel used improper techniques to convince appellant to accept the deal, if in fact defense counsel knew that there was no possibility the charges would be referred to a general court-martial.[2]

---

2. The staff judge advocate concluded that, based upon the status of the case at the time appellant entered his guilty pleas, the trial was going forward as a special court-martial notwithstand-

The military practitioner must be sensitive to the fact that Article 45(a), UCMJ, 10 U.S.C. § 845(a), places a burden on the military judge to be certain that the pleas of an accused are not "irregular"; do not set "up matter inconsistent with the plea"; or have not been entered "through lack of understanding of its meaning and effect." Because of the rigid requirements of Article 45, the military accused, unlike his civilian counterpart, may not plead guilty although protesting his innocence, even though he may have "intelligently conclude[d] that his interests require[d] entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). In any event, we will not condone use of misinformation to persuade an accused to give up his trial rights no matter how laudatory the purpose or sensible the decision to plead guilty might be. The decision to plead guilty is a personal one which must be made by a fully-informed accused. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *United States v. Dusenberry,* 23 U.S.C. M.A. 287, 49 C.M.R. 536 (1975).

We are satisfied that the remedial action by the supervisory authority as recommended by the staff judge advocate, combined with the prosecutorial decision to refer this serious case to a special court-martial, removed any lingering taint to appellant's guilty pleas. We also commend the military judge for the thorough providence inquiry wherein appellant unequivocally admitted to each and every element of the offenses, including the offense of larceny. *See United States v. Johnson,* 21 M.J. 211, 216 (C.M.A.1986) (Cox, J., concurring in the result); *United States v. Care,* 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969).

In furtherance of this appeal, appellant has asked us to compel production of a separate and distinct investigation into Major Lowder's commercial activities as an Amway dealer. This we are unwilling to do. There has been no showing of a nexus between Major Lowder's commercial activities and appellant's guilty pleas. Indeed, the presence of civilian counsel and the post-trial appointment of new military counsel convince us that appellant has been treated fairly and in accordance with all substantive and procedural rights provided by law. We have carefully searched the record for any error which prejudiced a substantive right of this appellant and have found none. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

ing the legal right of the convening authority to withdraw the charges and re-refer the case to a general court-martial, and regardless of appellant's pleas.