UNITED STATES, Appellee,

v.

Edgar H. BALLESTEROS, Specialist Four, U.S. Army, Appellant.

No. 60,075.

CM 8701862.

U.S. Court of Military Appeals.

Sept. 19, 1989.

For Appellant: *Captain Timothy P. Riley* (argued); *Major Marion E. Winter* (on brief); *Colonel John T. Edwards* and *Lieutenant Colonel Joel D. Miller.*

For Appellee: *Captain Martin D. Carpenter* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, Captain Randy V. Cargill* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On August 17, 1987, appellant was tried by military judge sitting alone as a general court-martial at Fort Ord, California. Pursuant to his pleas, appellant was found guilty of desertion, distribution of cocaine, and carrying a concealed weapon, in violation of Articles 85, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 885, 912a, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 12 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged, but he limited confinement to 4 years in accordance with a pretrial agreement. The Court of Military Review affirmed the findings and sentence. 25 MJ 891 (1988).

This Court granted review and heard oral argument on the following issue:

III

WHETHER APPELLANT'S PLEA OF GUILTY TO ADDITIONAL CHARGE I (CARRYING A CONCEALED WEAPON) WAS PROVIDENT.

We also granted review without oral argument on two other issues:

## I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN COMPUTING CREDIT DUE APPELLANT PURSUANT TO RCM 305(k).

## II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY DENYING APPELLANT ADDITIONAL CREDIT PURSUANT TO RCM 305(k) FOR TIME SPENT IN A CIVILIAN JAIL.

We hold that appellant's pleas of guilty to carrying a concealed weapon were provident. We also hold that appellant was entitled to 6 additional days credit under RCM 305(k), Manual for Courts–Martial, United States, 1984.[1]

Appellant admitted selling cocaine to Agent Donald Bell, an undercover agent of the Fort Ord Drug Suppression Team, on November 25, 1985. Both civilian and military police authorities were notified of this sale and observed it occurring in Agent Bell's automobile. Appellant was arrested and a subsequent search of his pick-up truck, which was parked behind Bell's vehicle, produced "a loaded .22 caliber pistol concealed in a brief case in the cab..."

On March 7, 1986, the Article 112a Charge was preferred against appellant. He deserted on March 27, 1986. The court below further found that

> [c]ivilian law enforcement authorities in Texas apprehended the appellant as a military deserter on 22 June 1987 as he returned to the United States from hiding in Mexico. Later on the same date, military police from Fort Sam Houston were notified of the apprehension and arrangements were made for continued civilian incarceration pending action to transfer the appellant to direct military control. On 29 June 1987, the appellant was placed in confinement at Fort Sam Houston. On 1 July 1987, he was transferred to the confinement facility at Fort Sill and, on 10 July 1987, released to the Fort Ord confinement facility. On 15 July 1987, the military magistrate at Fort Ord conducted the required RCM 305(i) review and approved continued confinement.

25 MJ at 892–93.

\* \* \*

## A

■ The more significant question in this case is whether appellant's pleas to the charge of concealing a dangerous weapon were provident. *See generally United States v. Hubbard*, 28 MJ 203, 205 (CMA 1989). He particularly claims, for the first time on appeal, that the loaded gun was not concealed "on or about his person" as required for guilt. *See* para. 112 b(1), Part IV, Manual, *supra*. Instead, he asserts that it was locked away in an inaccessible place in his vehicle. He also suggests his possession of this weapon was unintentional. *See State v. Jordan*, 495 S.W.2d 717 (Mo.App.1973). These post-trial attacks on his pleas we must reject.

First, we note that appellant was not required to plead guilty, and he could easily have raised these possible defenses at his court-martial. *See United States v. Stephens*, 25 MJ 171, 174 (CMA 1987). Second, we find that the judge was sensitive to the very matters now raised on appeal, and he particularly examined and resolved them

---

**1.** (k) *Remedy.* The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. This credit is to be applied in addition to any other credit the accused may be entitled [to] as a result of pretrial confinement served. This credit shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the conversion formula under RCM 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment.

to his satisfaction and appellant's. *See United States v. Epps*, 25 MJ 319, 321 (CMA 1987). Third, we find the facts of this case, as reflected in appellant's own responses, show sufficient accessibility to the loaded gun to satisfy the element of being "on or about his person" within the meaning of military law. *See United States v. Thompson*, 3 USCMA 620, 624, 14 CMR 38, 42 (1954); *see generally Brown v. United States*, 30 F.2d 474 (D.C.Cir.1929); *see also United States v. Cardenas*, 864 F.2d 1528, 1535 (10th Cir.1989); *State v. Williams*, 636 P.2d 1092, 1094–95 (Utah 1981). In any event, post-trial speculation concerning the ownership of the briefcase or the whereabouts of its key pales before appellant's express admission of guilt. *See United States v. Logan*, 22 USCMA 349, 350–51, 47 CMR 1, 2–3 (1973); *State v. Molins*, 424 So.2d 29, 30 (Fla.App.1982).

### B

▮▮▮ The remaining issues in this case concern RCM 305(k) and appellant's pre-trial confinement from June 22 to July 4, 1987. The first 7 days of this period were spent at the Cameron County Jail in Brownsville, Texas. The next 6 days were spent in confinement at Fort Sam Houston and Fort Sill. The judge and the Court of Military Review denied appellant "additional" administrative credit[2] for these periods of confinement under the Manual rule noted above.

**2.** Appellant was given full day-for-day credit for all his pretrial confinement time pursuant to *United States v. Allen*, 17 MJ 126 (CMA 1984). The credit requested here was for additional credit due for lack of timely magisterial review under RCM 305(k). The Court of Military Review, construing this rule, had already given him an additional 10–day credit from July 5 to July 14, 1987, for this reason.

**3.** (i) *Procedures for review of pretrial confinement.*

The Court of Military Review concluded that appellant was not entitled to a magistrate hearing under RCM 305(i)[3] until 7 days after he was received by military authorities at Fort Sam Houston. Relying on the decision of *United States v. DeLoatch*, 25 MJ 718 (ACMR 1987), it further concluded that additional administrative credit for an untimely magistrate hearing was to be calculated from the day the hearing should have been held and not the date of inception of confinement. Appellant challenges both these holdings as matters of law.

Appellant was arrested by civilian authorities for a military offense and detained from day one at the Cameron County Jail with notice and approval of military authorities. We consider this situation similar to the confinement problem addressed by the Court of Military Review in *United States v. DeLoatch, supra*. We also substantially[4] agree with that portion of the *DeLoatch* decision which construed RCM 305(k) to require additional administrative credit from the day the magistrate hearing should have been held. Accordingly, appellant is entitled to an additional 6 days administrative credit for his pretrial confinement from June 29 to July 4, 1987.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

(1) *In general.* A review of the adequacy of probable cause to believe the prisoner has committed an offense and of the necessity for continued pretrial confinement shall be made within 7 days of the imposition of confinement.

**4.** *See United States v. Mason*, 19 MJ 274 note (CMA 1985).