**UNITED STATES, Appellee,**

v.

**Private First Class David C. DUMAS, 107–54–4322, United States Army, Appellant.**

**ACMR 9102440.**

U.S. Army Court of Military Review.

25 Feb. 1993.

For Appellant: Captain David L. Thomas, JAGC (argued); Major Fran W. Walterhouse, JAGC (on brief). Colonel Malcolm H. Squires, Jr., JAGC.

For Appellee: Captain Steven M. Walters, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Senior Judge:

In accordance with his pleas, the appellant was found guilty of two specifications each of burglary and assault with intent to commit rape, in violation of Articles 129 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 929 and 934 (1982) [hereinafter UCMJ]. A general court-martial com-

942

posed of officer and enlisted members adjudged a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only sixty months of the confinement as well as the remainder of the sentence.

The appellant complains that his trial defense counsel's representation was constitutionally defective in that he permitted the appellant to unconditionally plead guilty without first attempting to contest the admissibility of the only incriminating evidence against him—the appellant's confession. We disagree that the defense counsel's performance failed to meet constitutional standards of effectiveness.

## I.

■ In order to establish ineffectiveness of counsel, an appellant has the burden of showing that his counsel's performance was deficient and that he was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). As enumerated by the Supreme Court in *Strickland*, the standard is:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064.

In its first application of *Strickland*, the Court of Military Appeals elaborated on the criteria laid out by the Supreme Court.

The competence of counsel is presumed. To make out a claim of ineffective assistance of counsel, the accused must rebut this presumption by pointing out specific errors made by his defense counsel which were unreasonable under prevailing professional norms. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. "In making [the competence] determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." 466 U.S. at 690, 104 S.Ct. at 2066.

. . . .

The purpose of guaranteeing effective assistance "of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691–92, 104 S.Ct. at 2067. Consequently, even unprofessional errors by counsel do not justify setting aside a conviction unless the deficient conduct "actually had an adverse effect on the defense." Requiring an accused to affirmatively establish prejudice is justified because:

The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another.

*Id.* at 693, 104 S.Ct. at 2067.

The test for prejudice when a conviction is challenged on the basis of actual ineffectiveness of counsel "is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington, supra* at 695, 104 S.Ct. at 2068–69. This

requires a court to consider the totality of the evidence before the factfinder. *Scott,* 24 M.J. at 188–89 (C.M.A.1987).

Since *Scott,* the court has restated the standard more succinctly.

To show that his trial defense counsel was ineffective, an accused must demonstrate that his counsel was seriously deficient in some manner and that there is a reasonable probability that, but for this deficiency, the result of the proceeding would have been different.... In weighing such matters, we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight.

*United States v. Bono,* 26 M.J. 240, 242 (C.M.A.1988) (citations omitted).

In *United States v. Holt,* 33 M.J. 400 (C.M.A.1991), the court also held:

Concerning the second component, prejudice, the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

Clearly, the Sixth Amendment test for ineffectiveness is quite difficult to meet. Indeed, that is as it should be, for the concern is not to provide a windfall but, rather, to ensure that the result of the trial is reliable by, in turn, ensuring that the trial process was truly adversarial.

*Id.* at 409. *Accord United States v. Tyler,* 36 M.J. 641 (A.C.M.R.1992).

Most recently, the "but for" test for determining whether counsel's ineffectiveness was prejudicial appears to have been modified by the Supreme Court. *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). In that case, the Court reversed the court of appeals' affirmance of a lower court's vacation of a capital sentence on grounds that the defense counsel's failure to object to aggravating evidence was prejudicially deficient representation. In commenting on the constitutional standard governing ineffectiveness of counsel, the Court opined:

Our decisions have emphasized that the Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." ... Thus, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." ...

The test formulated in *Strickland* for determining whether counsel has rendered constitutionally ineffective assistance reflects this concern. In *Strickland,* we identified the two components to any ineffective assistance claim: (1) deficient performance and (2) prejudice. Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ... Thus, an analysis focussing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Fretwell,* —— U.S. at ——, 113 S.Ct. at 842–43. But see Justice O'Connor's concurring opinion suggesting that the "but for" test remains unchanged. *Id.* at ——, 113 S.Ct. at 845.

■ As an intermediate military appellate court, we should, in the interest of the orderly administration of justice, defer to the precedents set by the Court of Military Appeals even where there is a likelihood that the Supreme Court may have rendered those precedents obsolete. Even if there has been a change in the standard, it may not be retroactive. Accordingly, we will apply the pre-*Fretwell* test to determine the ineffectiveness of counsel issue in this case. Using that test, we hold that the appellant has not met his burden of demonstrating either that his counsel's perfor-

mance was seriously deficient or, assuming that it was, that but for the error, the outcome of the proceeding would have been different.

We perceive no merit in the appellant's assertion that his counsel was professionally derelict because he failed to move to suppress the appellant's confession, purportedly the only evidence to establish his guilt. In the first place, there was no guarantee that the military judge would have suppressed the confession. The appellant speculates that his confession would have been suppressed because of evidence to indicate it was coerced by police interrogators and thus, involuntary. However, this is a factual question on which reasonable minds might differ depending on the quantum and quality of the evidence on behalf of and against the appellant's position. We would be reluctant to overturn a military judge's determination to admit the confession absent a clear abuse of discretion.

Moreover, the appellant's confession was not the only evidence available to convict him. A stipulation of fact appended to the pretrial agreement as well as the appellant's responses during the plea inquiry established that, on two different occasions, the appellant entered the closed, but unlocked barracks rooms of two female soldiers while they were asleep. His attempt to rape the first soldier was thwarted by her screaming and kicking. As he fled the room, he forgot to take his baseball cap. Realizing this, he returned to the room a few minutes later on the pretext of coming to her aid. In fact, his purpose was to retrieve his hat to avoid being implicated in the crime. The necessary collateral effect was that he revealed himself to his victim, whose later identification of him led to the charges. Although the second soldier victimized by the appellant could not identify him either directly or circumstantially, the appellant was apprehended by the military police near the victim's barracks. In addition, there was a likelihood of the appellant being identified through a laboratory analysis of hair and fiber samples taken from his clothing.

The aforementioned potential evidence influenced the defense counsel to recommend that the appellant plead guilty in exchange for a limit of sixty months on the maximum confinement of sixty years. In a post-trial affidavit, the defense counsel noted that his advice was predicated on indications that there was overwhelming evidence to establish that the confession was voluntary, that there was overwhelming evidence to establish the appellant's guilt, that he had secured the most lenient sentence possible in the pretrial agreement, and that the appellant knowingly and voluntarily agreed to its terms.

In a similar situation, the Court of Military Appeals held:

We are reluctant to conclude that an attorney is "incompetent" for trying to persuade his client to enter into a favorable plea bargain. This is particularly true in a case such as this where the Government enjoys an overwhelming case and is willing to permit an accused to walk away with no confinement in the face of a possible lengthy period of confinement and a dishonorable discharge.

*United States v. Stephens*, 25 M.J. 171, 173 (C.M.A.1987).

Under the circumstances, we are convinced that the defense counsel's performance here more than adequately met professional norms. Assuming, *arguendo*, that the defense counsel's representation was deficient, we find that the appellant was not prejudiced. Using the "but for" test, we are satisfied, that had the appellant moved to suppress his confession, the motion would probably and correctly have been denied. In any event, there was ample evidence to establish the appellant's guilt. Hence, admission of the confession, even if erroneous, would have been harmless. *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986).

## II.

▮ The appellant also contends that he is entitled to additional administrative credit for serving ninety-two days of pretrial restriction tantamount to confinement without first receiving a magistrate's review of

the restriction. At trial, the government did not contest the defense's contention that the restriction was the functional equivalent of confinement or that the accused was not given the requisite magistrate's review. It now argues, however, that the appellant waived his entitlement to the credit by not asserting it at trial. We find that the record is ambiguous as to whether the appellant waived his entitlement. Nevertheless, we hold that he should be granted the additional credit.

■ This court has held that the requirement contained in Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 305(i) that a pretrial confinee be given a prompt review of such confinement by a neutral and detached magistrate also applies where the accused has been ordered to serve pretrial restriction under conditions sufficiently onerous as to amount to pretrial confinement. *United States v. Russell*, 30 M.J. 977 (A.C.M.R.1990). However, the right to additional credit for government noncompliance with the requirement must be affirmatively asserted at trial or else it is waived. *United States v. Kuczaj*, 29 M.J. 604 (A.C.M.R.1989).

The record indicates that the appellant's counsel raised the issue, albeit somewhat haltingly, and that the military judge acted upon counsel's assertion in an equally ambiguous manner. During the presentencing portion of the trial, the defense counsel stated that his request for administrative credit included a period of actual confinement as well as restriction tantamount to confinement totaling ninety-two days. The judge then asked, "So, Captain Y, what we're talking about here, then, correct me if I misstated it is, Mason [*United States v. Mason*, 19 M.J. 274 (C.M.A.1985)] and Allen [*United States v. Allen*, 17 M.J. 126 (C.M.A.1984)] credit, not Rule 305, correct?" Captain Y responded, "Oh, their— it's a mixture." It was incumbent on the trial judge to clarify the ambiguity residing in the defense counsel's assertion. Ordinarily, we would order a limited hearing to resolve the matter. However, in the interest of judicial economy, we will grant the appellant the additional credit.

We have considered the remaining assignments of error including that personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed. An administrative credit of ninety-two days will be applied against the confinement portion of the sentence affirmed by this court.

Judge GRAVELLE and Judge DELL'ORTO concur.