UNITED STATES, Appellee

v.

Lashawn **BOOKER**, Fireman Apprentice
U.S. Navy, Appellant.

No. 93–5025.
CMR No. 92 0171.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 15, 1994.

Decided Aug. 23, 1995.

For Appellant: *Lieutenant Kathryn L. Clune*, JAGC, USNR (argued); *Lieutenant James Douglas*, JAGC, USNR (on brief).

For Appellee: *Major Laura L. Scudder*, USMC (argued); *Colonel T.G. Hess*, USMC and *Commander S.A. Stallings*, JAGC, USN (on brief).

*Opinion of the Court*

WISS, Judge:

1. Appellant pleaded guilty at his special court-martial to assaulting a noncommissioned officer and carrying a concealed weapon, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The military judge then sentenced him to a bad-conduct discharge, confinement for 2 months, forfeiture of $250.00 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved these results and suspended part of the confinement; a divided panel of the Court of Military Review[1] affirmed. 37 MJ 1114 (1993).

2. At appellant's request, the Acting Judge Advocate General certified the following question to this Court, *see* Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989), for review:

WHETHER THE "IMMEDIATE REACH" REQUIREMENT CONTAINED IN MANUAL FOR COURTS–MARTIAL (M.C.M.), 1984, PARA. 112c(3), AS A PREDICATE FOR A VIOLATION OF CARRYING A CONCEALED WEAPON, EXTENDS TO A WEAPON ENCASED IN A ZIPPERED POUCH LOCATED IN THE LOCKED GLOVE

---

1. *See* 41 MJ 213, 229 n. * (1994).

COMPARTMENT OF THE VEHICLE THE APPELLANT WAS DRIVING.

In the context of appellant's pleas of guilty, his admissions, and the facts elicited during the providence inquiry, we answer that question in the affirmative. *See United States v. Ballesteros*, 29 MJ 14 (CMA 1989). *See generally United States v. Stewart*, 29 MJ 92, 93 (CMA 1989) ("In order for pleas to be set aside on appeal as improvident, the record must contain some 'evidence "in substantial conflict" with' the pleas of guilty. *United States v. Hebert*, 1 MJ 84, 86 (CMA 1975)."); *United States v. Penister*, 25 MJ 148, 151 (CMA 1987) (A guilty "plea cannot be accepted if the accused testifies or otherwise 'sets up matter inconsistent with the plea.' Art. 45(a)[,]" UCMJ, 10 USC § 845(a).).

3. During a gate inspection of appellant's car, military police found a pistol clip, containing five rounds of ammunition, between and underneath the driver's and front-passenger's seats. A subsequent search uncovered a .38 caliber automatic pistol that was encased in a zippered bag and two more rounds of ammunition, all in the locked glove box of the car.

4. Appellant pleaded guilty at his court-martial to a specification alleging, based on these facts, that he had "unlawfully carr[ied] on or about his person a concealed weapon, to wit: a .380 automatic pistol." The military judge explained the elements of this offense to appellant, including that the weapon had been "carried concealed, on or about your person...." *See* para. 112b(1), Part IV, Manual for Courts–Martial, United States, 1984. In response, appellant acknowledged that the elements "correctly describe what happened...." Later, when focusing specifically on appellant's revelation that the pistol was in the locked glove box and not on his person, the following colloquy occurred:

---

2. Another element of this crime is that the concealed weapon must have been "dangerous." Para. 112b(3), Part IV, Manual for Courts–Martial, United States, 1984. The military judge showed some concern for whether the unloaded pistol here qualified as "dangerous," but, after further inquiry, he decided that the equally ready access to the loaded clip satisfied this element.

MJ: To be concealed it means it has to be carried by you and intentionally covered or kept from sight. Was it kept—I take it you intentionally put it in the glove box of the car; is that right?

ACCUSED: Yes, sir.

MJ: And to be carried by you, it just means that it has to be carried on or about your person. That means either on you or within your immediate reach. Would you say that the weapon was within your immediate reach while it was in the glove box of the car?

ACCUSED: Yes, sir.

MJ: Okay.

■ 5. On appeal, however, appellant steadfastly has sought to contradict his acquiescence in these admissions that the pistol in his locked glove box was within his immediate reach. Instead, he argued below and now argues before us that, as a matter of law, the pistol was not sufficiently accessible.

6. The short answer to his sought-after articulation of legal principle is a citation to *United States v. Ballesteros, supra*. There, this Court unanimously upheld the accused's guilty pleas to carrying a concealed weapon where a loaded pistol[2] was contained in a locked brief case in the cab of appellant's pick-up truck. We concluded that these circumstances

> show sufficient accessibility to the loaded gun to satisfy the element of being 'on or about his person' within the meaning of military law. *See United States v. Thompson*, 3 USCMA 620, 624, 14 CMR 38, 42 (1954); *see generally Brown v. United States*, 30 F.2d 474 (D.C.Cir.1929); *see also United States v. Cardenas*, 864 F.2d 1528, 1535 (10th Cir.1989); *State v. Williams*, 636 P.2d 1092, 1094–95 (Utah 1981).

29 MJ at 16.

7. If appellant wanted to challenge whether, as a matter of fact, the prosecution

---

The separate opinion in the Court of Military Review, however, contains some discussion as to whether an unloaded pistol, without more, is a dangerous weapon for purposes of this offense. 37 MJ 1114, 1117 n. 4 (Barnes, J., dissenting in part/concurring in part). We need not and do not reach that question in this case.

could convince factfinders beyond a reasonable doubt that the weapon was "within the immediate reach of the accused," *see* para. 112c(3), when he was sitting in the driver's seat and the pistol was in a zippered bag locked in the glove compartment of his vehicle, he could have pleaded not guilty. *See United States v. Ballesteros*, 29 MJ at 15. Instead, he pleaded guilty and unqualifiedly[3] admitted his belief that the weapon was within his immediate reach, thereby relieving the Government of this factual burden. Given the holding under markedly similar circumstances in *Ballesteros* that a weapon was accessible as a matter of law, appellant has no basis to argue that he raised any matters so inconsistent with his pleas that the military judge should have further inquired or that, failing that, this Court should undo what he did.[4]

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

**3.** The separate opinion in the Court of Military Review implies that appellant's admission that the weapon was within his immediate reach was made "grudgingly." 37 MJ at 1118. Our reading of the record, the relevant portions of which are set out in the opinion virtually *en toto*, does not support this characterization.

**4.** The separate opinion in the Court of Military Review reflects unnecessary consternation with the majority's holding that we now affirm. All that we hold today is that *United States v. Ballesteros*, 29 MJ 14 (CMA 1989), decided the question whether, under these facts, the weapon was so inaccessible as to be outside the accused's immediate reach *as a matter of law*. We do not decide whether that is the case under other factual scenarios. Neither do we decide whether that is the case even under *these* circumstances *as a matter of fact* (*i.e.*, in a particular vehicle, how easily may the driver reach into the glove box—is the car a narrow sports model or a wide luxury car; does it have deep bucket seats or a high and firm bench seat; is there any sort of console between the driver's seat and the passenger area; is the glove box down low on the dashboard or up high, etc.). To test this latter proposition, however, an accused must plead not guilty, which appellant freely chose not to do here.