PEARSON, Senior Judge
(concurring in part, dissenting in part):
I agree with Judge Becker’s discussion concerning the validity of appellant’s guilty plea to forgery. I do not need an in-depth foray into the law of negotiable instruments to conclude that appellant forged the check when he made the copayee’s indorsement to it without authority. I part company with both Judges Becker and Morgan concerning the providency of appellant’s plea to stealing the proceeds of the check from his co-payee, Ford Motor Credit Corporation (FMCC). I would affirm the larceny conviction and the sentence.
LARCENY FROM THE CO-PAYEE OF A CHECK THROUGH FORGERY
Reduced to its basics, the majority opinion holds that a payee of a check who forges a co-payee’s indorsement to negotiate it can never be guilty of a larceny of the check’s proceeds if the forgery in fact works. I disagree with that principle and offer an uncomplicated example.
You loan me money to buy a car and require me to insure it against loss, with any insurance payment payable by check to both of us as co-payees (“pay to order of you and me”). I wreck the car while drunk driving and file an insurance claim. The insurance company issues a check payable to you and *716 me. I forge your signature to the check and cash it, spending the proceeds on a vacation to Las Vegas. Have I stolen anything from you? You bet.
“Any person ... who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind” with the intent to permanently deprive or defraud “another person” of its use and benefit or to appropriate to his own use is guilty of larceny. Article 121, UCMJ, 10 U.S.C. § 921 (emphasis added). Thus the whole issue concerning the larceny plea boils down to whether the co-payee qualifies as an “owner or any other person.”
The President defines an “owner” as anyone with a “superior right to possession of the property in the light of all conflicting interests therein which may be involved in the particular case.” Manual for CourtsMartlal, United States, 1984, (MCM) Part IV ¶ 46c(1)(c)(ii). The President defines “any other person” as “any person — even a person who has stolen the property — who has possession or a greater right to possession than the accused.” MCM, Part IV ¶ 46c(1)(c)(iii). Using the President’s definitions, I conclude the co-payee qualifies as an “owner” or at least as “any other person.”
First, two legal interests may co-exist in the same piece of property, and larceny may occur whenever one of the interests is invaded. United States v. Leslie, 13 M.J. 170, 172 (C.M.A.1982). Appellant admitted FMCC had an interest in the insurance company’s check which was issued to pay for accident repairs to the vehicle on which FMCC held a lien. Appellant also admitted he forged FMCC’s indorsement, cashed the check, and used the proceeds to pay bills. Appellant’s actions appropriated the check proceeds to a use inconsistent with FMCC’s substantial rights of ownership as a co-payee and usurped FMCC’s ability to control the proceeds. See United States v. Faust, 850 F.2d 575 (9th Cir.1988). FMCC may not have had an ownership right to all the proceeds, but then neither did appellant.
Second, if a thief of property qualifies as “any other person” as a matter of law, common sense says one who actually has a legally enforceable interest, like a lienholder co-payee of a check, must surely qualify. MCM, Part IV ¶ 46c(1)(c)(iii). Appellant admitted that his actions were inconsistent with his lien agreement with FMCC. Actions which violate a contract may result in a criminal withholding under the circumstances. Cf. United States v. Hale, 28 M.J. 310 (C.M.A.1989) (appellant’s retention of rental car past contract period supported wrongful appropriation conviction).
Third, this is a guilty plea, folks. Whether someone is an “owner” or “any other person” is a matter of proof which an accused may contest at trial. By pleading guilty, appellant knowingly waived a trial of the facts as to that issue. He admitted FMCC was an owner or any other person from whom he stole — that should end the matter. R.C.M. 910(c)(3); United States v. Booker, 42 M.J. 267 (1995); United States v. Norvell, 26 M.J. 477 (C.M.A.1988); United States v. Bell, 34 M.J. 937, 945-946 (A.F.C.M.R.1992), pet. denied, 38 M.J. 436 (C.M.A.1993). The majority would require the government to prove a fact or an element beyond a reasonable doubt in spite of an accused’s guilty plea — that is not the law. We set aside guilty pleas only for matter which raises a substantial conflict with the plea — the guilty plea substitutes for proof beyond a reasonable doubt. See United States v. Logan, 22 U.S.C.M.A. 349, 47 C.M.R. 1, 1973 WL 14641 (1973). I find nothing inconsistent with appellant’s plea to larceny.
VALUE STOLEN
If one steals from someone with “a superi- or, but limited, interest in the property, such as a lien, the value for punishment purposes shall be that of the limited interest.” MCM, Part IV ¶ 46c(1)(g)(iv). Appellant could have litigated whether he actually stole the entire proceeds of the check or only the amount which impaired FMCC’s lien, whatever amount that was. However, he once again waived that issue by his guilty plea, and admitted the value was the entire check amount.
*717 SENTENCE REASSESSMENT
Even if I agreed to join the majority in setting aside appellant’s larceny conviction, I would still affirm the sentence as approved by the convening authority. The military judge held the forgery and larceny were but one offense for punishment purposes. See R.C.M. 1003(c)(1)(C); but see United States v. Morrison, 41 M.J. 482 (1995); United States v. Teters, 37 M.J. 370 (C.M.A.1993) (forgery and larceny not multiplicious), cert. denied, — U.S. -, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). Moreover, the evidence concerning appellant’s taking and spending of the check proceeds would’ve been admissible in aggravation during sentencing. R.C.M. 1001(b)(4). Considering the sentence as a whole, I am confident the military judge would have sentenced appellant to the same sentence without the larceny charge. See United States v. Peoples, 29 M.J. 426 (C.M.A. 1990).