# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D. C.

## UNITED STATES
**v.**
## Nathan H. Ball

Fireman Apprentice, U. S. Coast Guard

CGCMG 0095
Docket No. 1049
29 January 1997

General Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at the Office of the Maintenance and Logistics Command, Pacific, Alameda, California, on 23-27 January 1995.

| | |
|---|---|
| Military Judge: | CAPT Lane I. McClelland, USCG |
| Trial Counsel: | LT Elisabeth A. Pepper, USCG |
| Assistant Trial Counsel: | LT Michael E. Tousley, USCGR |
| Detailed Defense Counsel: | LT William L. Chaney, USCGR |
| Assistant Defense Counsel: | LT Stephen P. McCleary, USCGR |
| Appellate Defense Counsel: | LCDR Allen Lotz, USCG |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel: | LCDR Frank Binney, USCG |

BEFORE
PANEL TWO

BAUM, FEARNOW, AND O'HARA

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer members. After pleading not guilty, he was acquitted of a number of offenses, but convicted of the following: two specifications of larceny of various items of personal property, including firearms; two specifications of housebreaking; one specification of communicating a threat; one specification of carrying a concealed weapon; and two specifications of wrongful concealment of stolen property, in violation of Articles 121, 130, and 134 of the Uniform Code of Military Justice (UCMJ). The court sentenced appellant to a bad conduct discharge, 30 months confinement, forfeiture of all pay and allowances, and reduction to pay grade E-1, which was approved by the convening authority as adjudged.

Before this Court appellant has assigned five errors. One of the assignments calls for a new court-martial promulgating order to correct errors in the one initially issued. The Government, in response, has moved to file a corrected order from the convening authority, which is hereby granted, thereby mooting the issue. Another assignment, asserting a Constitutionally defective judicial appointment on this Court, is rejected based on *U.S. v. Ryder*, 44 M.J. 9 (1996). Two other assignments, that the military judge abused her discretion in denying a defense challenge for cause of a court member, and that the staff judge advocate should have recused himself from preparation of the post-trial recommendation, are not supported and are denied without discussion. The remaining assignment of error will be addressed.

I

## THAT THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF CARRYING A CONCEALED WEAPON

Appellant contends that his conviction for carrying a concealed weapon aboard his ship on diverse occasions over a period of a month is legally and factually insufficient because the only evidence supporting this conviction places a handgun in his locker aboard ship. Appellant submits that the gravamen of the offense is having a dangerous weapon hidden, but readily available, as one goes about his or her activities. He argues that having a handgun in a shipboard locker does not satisfy this requirement, as opposed to cases involving weapons carried in vehicles driven by an accused which the Court of Appeals for the Armed Forces and others have found meet this test. *U.S. v. Booker*, 42 M.J. 267 (1995); *U.S. v. Ballesteros*, 29 M.J. 14 (CMA 1989); *U.S. v. Taylor*, 30 M.J. 1208 (ACMR 1990); and *U.S. Bishop*, 2 M.J. 741 (AFCMR 1977).

Appellant asserts that a weapon in his berthing compartment locker would not be readily available to him except when he happened to be at his locker, with the locker unlocked, and that this is not the sort of ready accessibility with which the offense is concerned. Moreover, he says that the only evidence supporting the allegation that the handgun was readily available to him was the testimony of a witness who saw the weapon in appellant's locker, indicating that the gun was not concealed. Accordingly, appellant argues that, when the weapon was readily available, it was not concealed and, when it was concealed with the locker closed, it was not readily available. For these reasons, appellant asks that the conviction of carrying a concealed weapon be set aside and the specification dismissed.

In response, the Government submits that appellant has offered no support for his assertion that, while the offense of carrying a concealed weapon comprehends a gun in a zippered bag in an automobile's locked glove compartment, *U.S.* v. *Booker, supra*, it does not encompass the situation where the same kind of weapon may be secured within an individual's personal storage locker in the berthing area aboard ship. Citing the provision in the Manual for Courts-Martial (MCM) (1995) covering the Article 134 offense of carrying a concealed weapon, the Government says that it is not necessary for the weapon to be carried on the person to constitute this Article 134 offense, that it is sufficient that the weapon is within the immediate reach of the accused. The Government asserts that appellant concealed a weapon each time he closed the locker in which it was kept and that it was within immediate reach behind the closed locker door, just as a weapon in a closed glove compartment or a locked brief case inside a vehicle, *U.S. v. Ballesteros, supra*. In the Government's view, a berthing area locker is a clear shipboard analog to an automobile glove compartment. We agree.

As correctly pointed out by the Government, MCM (1995), Part IV, para. 112c(3) establishes that for purposes of this particular offense the element of carrying a concealed weapon "on or about the accused's person" means that the weapon was carried on the person *or was within immediate reach of the accused*. The cases relating to weapons carried in an automobile satisfy the "immediate reach" aspect of this element. The same rationale applies to the facts in this case. Appellant was found guilty of unlawfully carrying on or about his person a concealed weapon on diverse occasions during a one-month period. We agree with the Government that a reasonable factfinder, in reaching this finding, could have concluded beyond a reasonable doubt from the evidence of record that appellant kept at least two handguns concealed in his locker. The factfinder then could have inferred that during the period alleged, in the course of daily shipboard routine, living in close quarters, those weapons frequently would have been within appellant's immediate reach in his berthing area locker. Accordingly, the evidence of the offense of carrying a concealed weapon in violation of Article 134, UCMJ is legally sufficient. That same evidence also meets the factual sufficiency test because it convinces us, too, of appellant's guilt beyond a reasonable doubt. For these reasons, the assignment of error is rejected.

## II

## CONCLUSION

After review of the record in accordance with Article 66, UCMJ, the findings and sentence are determined to be correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judge O'HARA concurs

FEARNOW, Judge (concurring in part and dissenting in part):

I disagree with the lead opinion's conclusion that the evidence in this case supports a conviction for carrying a concealed weapon in violation of Article 134, UCMJ.

In concluding that the concealed weapon charge is appropriate, the majority and the Government rely on decisions that found violations of the statute where a gun was carried in the glove compartment, or other interior location, of a vehicle operated by the accused. I cannot agree that the appellant's case is analogous to the cited vehicle cases. Here the gun was "concealed" in the appellant's locker in his berthing area on the ship he was assigned to. Arguably, the ship can be compared to a vehicle in that both are highly mobile, but certainly the appellant did not exercise any of the control over the movement of the vessel that he enjoys over his vehicle. I find it difficult to conclude, therefore, that the appellant was actually "carrying" or exercising the required degree of control over the gun.

In my opinion, the facts here are more analogous to the situation where a person keeps a gun in a dresser drawer in their barracks room or apartment ashore. While assigned to the ship, at least while it was underway or deployed, the vessel's berthing area was the appellant's quarters, and his locker served as his dresser drawer and closet. He was neither "concealing" nor "carrying" the gun, but was in fact stowing it in his assigned living area in the same locker where he kept all his other personal effects. If the concealed weapons violation applies in these circumstances, then it would also have to apply to an individual that stores a gun in their apartment ashore. I believe this is a much broader sweep than the statute was intended to have.

I certainly do not condone any individual on board a Coast Guard vessel possessing a gun, concealed or otherwise. Having dangerous weapons readily available to young individuals in crowded living spaces creates the situation of "an accident waiting to happen." At the time of this incident, the USCGC MORGENTHAU had a unit instruction in place that required all personal firearms to be turned over to the ship's armory at the time they were brought on board. Strict enforcement of this regulation is the legally supportable means of prohibiting the dangerous, but all too common practice, of keeping personal guns in shipboard lockers. However, I cannot find any authority for the premise that Article 134's prohibition against carrying a concealed weapon is also a legally correct way of regulating this conduct.

I agree with the majority's disposition of the other issues raised by the appellant. I also believe that the approved sentence is appropriate and correct in light of the other offenses that have been affirmed.

For the Court,


R. Hamish Waugh
Clerk of the Court