**UNITED STATES, Appellee,**

v.

**Private First Class David E. CRUM, 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, United States Army, Appellant.**

**ACMR 9300198.**

U.S. Army Court of Military Review.

30 Nov. 1993.

---

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Major Robert L. Gallaway, JAGC, USAR, Captain Silas R. DeRoma, JAGC (on brief); Major James M. Heaton, JAGC.

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC (on brief); Major Joseph C. Swetnam, JAGC.

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

The appellant was tried at Fort Benning, Georgia, in February 1993, by a military judge sitting as a general court-martial. Consistent with his pleas, he was found guilty of conspiring to secret United States mail, secreting six United States mail bags containing numerous letters and packages, and opening letters before they had been delivered, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. 881 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for two years, total forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority suspended confinement greater than twelve months for a period of twelve months, and otherwise approved the sentence.

The primary issue on appeal is whether, under the facts and circumstances of this case, an affidavit submitted by the appellant is sufficient to establish a valid claim of ineffective assistance of counsel. We have determined that the appellant has failed to present sufficient evidence to show that his counsel's performance fell below that ordinarily expected. A secondary, but unrelated issue that we have also resolved against the appellant concerns multiplicity of the charged offenses.

The appellant became involved in these mail offenses when he conspired with the unit mail clerk to hide incoming and outgoing mail that had not been distributed or dispatched promptly. The mail clerk hoped to avoid detection of the backlog of mail during a command inspection of the unit mail facility by hiding the mail bags in the woods adjacent to the facility. Later, the appellant suggested that they take the bags to his uncle's nearby quarters. When the bags were taken to that location, the co-conspirators opened several letters, ostensibly out of curiosity. The uncle reported the presence of the mail bags in his house to federal authorities. When confronted with his misdeeds, the appellant made voluntary incriminating statements.

At trial, the defense counsel characterized the appellant as a good but misguided soldier who came to the aid of his mail-clerk friend who was going to get into trouble with the command because of inefficiency. The defense counsel also was able to minimize the appellant's culpability and to highlight his good record of wartime service in Panama and Kuwait.

## I.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant personally contends that his trial defense counsel was ineffective. In an affidavit supplied to the court, the appellant contends that drowsiness and euphoria from prescription medication taken at the time of the offense prevented him from realizing "what was going on." Although he claims he told his trial defense counsel of this condition, the lawyer apparently replied that the information "had no bearing whatsoever on [his] case."

In response to the appellant's affidavit, and applying the procedures outlined by *United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989), this court ordered the trial defense counsel to file an affidavit responding to the allegation of ineffective assistance of counsel. Instead of responding as directed, trial defense counsel filed a brief with the court entitled "Motion to stay and to quash or, in the alternative, motion for stay of order and for appointment of counsel." [1]

The trial defense counsel contends, in pertinent part, that the appellant's allegations are either rebutted in the record of trial or, even if true, do not rebut the presumption of competence of counsel so as to require counsel to demonstrate their competence. We have concluded that the order to counsel to produce an affidavit was issued prematurely.

The appellant bears the burden to overcome the strong presumption, set out by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and by the Court of Military Appeals in *United States v. Scott*, 24 M.J. 186 (C.M.A.1987), that trial defense counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. [2]

To overcome that strong presumption on appeal, appellant must present sufficient evidence that, when considered in the light of the entire appellate record, establishes a valid claim that (1) counsel's conduct was not objectively reasonable under prevailing professional norms; and, (2) there is a reasonable probability that, but for counsel's unprofessional error, the findings or sentence would have been differ-

1. In *United States v. Lewis*, 38 M.J. 501 (A.C.M.R.1993) we recognized the ability of trial defense counsel as an intervenor to contest the ineffective assistance of counsel allegation raised by an accused. We further determined in that case that we had jurisdiction and authority to order trial defense counsel to file affidavits concerning such allegations. We decline counsel's invitation to depart from the holding in *Lewis*.

2. The strong presumption of competent counsel is particularly applicable to United States Army Judge Advocate General's Corps officers assigned to the Trial Defense Service. Their competitive selection, excellent training, and supervision by an independent defense establishment buttress the presumption of competence. In addition, they are not constrained by their client's ability to pay.

ent.[3] *See United States v. Stinson*, 34 M.J. 303 (C.M.A.1992).

Applying this standard to the case before us, we note that the appellant's affidavit is deficient in several particulars.[4]

First, the bare allegation that he was taking a prescription drug does not establish in fact that the appellant had a prescription for certain medication. Extracts of medical records, for instance, may demonstrate a factual basis for the appellant's assertion.

Second, the appellant's affidavit does not, by itself, support the scientific hypothesis that the particular drug he may have been taking had any effect upon his mental responsibility at the time of the offense. A scientific treatise suitable for judicial notice, for example, might assist the court in its evaluation of the possible validity of the appellant's scientific claim.

Third, the appellant's affidavit does not establish that the drug actually affected his mental state at the time of the offense. Observations by others of his behavior while under the influence of the prescription drug, for example, might support his claim.

Moreover, the appellant's affidavit suggests that the trial defense counsel considered the prescription drug issue and determined that it should not be raised at trial.

Although the trial defense counsel's version of this conversation might assist the court in evaluating the appellant's contention, we find that an affidavit from trial defense counsel explaining his actions on this subject is unnecessary until after the appellant meets his very heavy burden.

Consequently, we hold that the appellant's submissions have failed to meet his heavy burden of establishing a valid claim that his trial defense counsel's advocacy fell measurably below the performance ordinarily expected of fallible lawyers. Because the appellant has not met this very heavy burden, the strong presumption that his counsel was competent has not been overcome.[5]

## II.

The appellant contends for the first time on appeal that the two offenses alleged in Charge II, i.e. secreting mail bags and opening specified mail, are multiplicious for findings and sentence. This allegation is utterly without merit, as the offenses are completely separate. *See United States v. Teters*, 37 M.J. 370 (C.M.A. 1993) (offenses are not multiplicious provided each offense requires proof of an element the other does not). In addition, trial defense counsel specifically agreed at trial that the offenses were separate for sentencing.

---

**3.** To the extent this opinion is inconsistent with *Burdine*, that case no longer represents this court's perspective on the procedures to be utilized in establishing the ineffective assistance of trial defense counsel. Heretofore, this court has all too easily assumed that bare allegations contained in an appellant's affidavit were sufficient to rebut the presumption of counsel's competence. We note that an affidavit or other submission from an accused, even if greatly detailed and sincerely believed by its author, may contain only speculation and conjecture rather than evidence and facts. The appellant must present more than a prima facie case to meet his very heavy burden.

**4.** The Court of Military Appeals has recognized the dilemma we face—"being called upon to decide an issue [i.e. ineffective assistance of counsel] without enough facts." *United States v. Tyler*, 34 M.J. 293, 295 (C.M.A.1992). *See United States v. McGillis*, 27 M.J. 462 (C.M.A.1988). Here we are unable initially to evaluate a claim

of ineffective assistance without facts and evidence supplied by the appellant.

**5.** The appellant is not left to his own resources in his efforts to persuade the court that his trial defense counsel was ineffective. We realize that the appellant's inability to meet the required burden may have been caused by the failure of appellate defense counsel to assemble the necessary affidavits, treatises, etc. to support the appellant's contentions. On the other hand, the failure could be attributable to the lack of merit in the claim. Consequently, we will not assume that the allegations in the appellant's affidavit are true—i.e. that the contentions are factual and have a scientific basis. Once the appellant meets his initial burden of establishing a valid claim of ineffective assistance and overcomes the presumption of competence, we can order the production of affidavits or direct that a hearing be held to resolve questions of fact or credibility. *See United v. Dykes*, 38 M.J. 270 (C.M.A.1993).

Specification 1 of Charge II, secreting six United States mail bags and their contents, in violation of Article 134, UCMJ, is analogous to 18 U.S.C. § 1708—Theft or receipt of stolen mail matter. That statute prohibits secreting and concealing mail bags and mail that has been unlawfully taken or stolen from a mail receptacle or postal facility. In this case the appellant and his co-conspirator secreted six large mail bags containing incoming and outgoing mail intended for Ranger Course students. Specification 1 of Charge II is also analogous to 18 U.S.C. § 1706—Injury to mail bags. That statute prohibits loosening any part of a mail bag to render it insecure.

Specification 2 of Charge II, opening specified letters in violation of Article 134, UCMJ, is analogous to a violation of 18 U.S.C. § 1702—Obstruction of Correspondence. That statute prohibits taking and opening of mail before it has been delivered to the person to whom it was directed with design to pry into the business or secrets of another.

It has long been recognized that taking mail bags and opening mail are separate offenses for findings and sentence. *See generally United States v. Haltiwanger,* 50 C.M.R. 255 (A.F.C.M.R.1975); *United States v. Kleinhaus,* 14 U.S.M.C.A. 276 (1964). Although circumstances similar to those in this case might result in multiplicious specifications, such is not the case before the court. The appellant's claim is without merit.

The remaining errors raised by the appellant are without merit.

The Order of this court dated 14 July 1993 to appellant's trial defense counsel is vacated.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge BAKER concur.