UNITED STATES, Appellee,

v.

Specialist Stephen E. BOONE, Jr., 096–58–1894, United States Army, Appellant.

ACMR 9200231.

U.S. Army Court of Military Review.

25 Jan. 1994.

As Changed Feb. 14, 1994.

For Appellant: Major Robin L. Hall, JAGC (argued); Colonel Malcolm H. Squires, Jr., JAGC (on brief).

For Appellee: Captain Robert W. Clark, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before GRAVELLE, Senior Judge, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer and enlisted members of attempted rape and two specifications of rape, in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 (1988). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for sixty years, forfeiture of all pay and allowances, and reduction to Private E1, but suspended for one year the confinement in excess of fifty years.

The appellant assigns three errors, two of which do not require analysis.[1] The third assertion of error alleges that the appellant was denied his Sixth Amendment right to counsel because his detailed military defense counsel and civilian defense counsel provided ineffective assistance of counsel.

We hold that the appellant has failed to meet his burden of showing that his military and civilian defense counsel, individually and as a defense team, were ineffective under standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, the appellant has failed to show a denial of his Sixth Amendment right to counsel.

## I. Background

Three different women, none of whom knew each other, testified that the appellant raped or attempted to rape them. One incident occurred in August 1990, prior to the appellant's deployment to Saudi Arabia from Fort Hood, Texas as part of Operation Desert Shield. The other two incidents occurred in September 1991 near Fort Hood after his return from the war.[2]

After charges were preferred against the appellant in the Fall of 1991, Captain N was detailed to represent the appellant. Captain N represented the appellant at the Article 32, UCMJ, pretrial hearing. After the Article 32, UCMJ, hearing, the appellant hired Mr. W, a retired Army judge advocate practicing law in Killeen, Texas. Captain N continued to represent the appellant during trial as co-counsel. After trial, Mr. W agreed to represent the appellant in the post-trial phase of the case. When Mr. W did not provide the promised post-trial services[3], Captain N agreed to do so, even though he had since left active Army duty. Former Captain N, pro bono, commendably provided meaningful and effective clemency materials to the convening authority on behalf of the appellant. He also raised issues of legal error at trial, including the issue of Mr. W's effectiveness as counsel.

After trial, the appellant filed a complaint of attorney misconduct with the State Bar of Texas against Mr. W. Following a hearing on the complaint, the State Bar of Texas issued a public reprimand to Mr. W for professional misconduct "by neglecting a legal matter entrusted to him." The appellant's complaints to the State Bar of Texas parallel those asserted here.

---

1. The appellant asserts that the reasonable doubt instruction as given by the military judge from the Military Judges' Benchbook is erroneous. *See* Dep't of Army, Pam. 27–9, Military Judges' Bench Book, para. 2–29.1 (1 May 1892). This court resolved the issue against the appellant in *United States v. Gray,* 37 M.J. 730 (A.C.M.R. 1993). Likewise the assertion that the military judge was appointed in violation of the Appointments Clause of the U.S. Constitution has been resolved against the appellant in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), aff'd, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (U.S.1994).

2. At trial, the appellant denied that two of the incidents had occurred and testified that the third incident consisted of consensual sexual activity. The court-martial believed the women. Utilizing our fact-finding powers under Article 66(c), UCMJ, so do we.

3. Mr. W did file a one-page response, raising issues of jurisdictional error, error in the military judge's refusal to sever the charges, insufficiency of the evidence, and inappropriateness of the sentence. This document was included in the packet sent to the convening authority prior to his taking action in the case.

Former Captain N has filed an affidavit with this court responding to the appellant's allegations. Mr. W has not responded to a government request for an affidavit. Instead, appellate government counsel have filed a copy of Mr. W's letter to the State Bar of Texas responding to the appellant's similar complaints made there.

Having reviewed the record and former Captain N's affidavit, we find that the appellant has failed to show that his defense team provided ineffective assistance of counsel.

## II. Standards for Determining Counsel Performance

■ *Strickland* provides the standard for measuring claims of ineffectiveness of counsel. This standard has been adopted for courts-martial. *United States v. Sanders,* 37 M.J. 116 (C.M.A.1993); *United States v. Scott,* 24 M.J. 186, 187 (C.M.A.1987). Under *Strickland,* the appellant must first show that his defense counsel's performance was deficient; and, second, that the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial, a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ Under *Strickland,* the proper standard for judging attorney performance is that of reasonably effective assistance, taking into account all of the circumstances, using an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2065. "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691, 104 S.Ct. at 2066. Our scrutiny must be deferential and untinged by the distorting effects of hindsight. There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 690, 104 S.Ct. at 2066. "To overcome that strong presumption on appeal, appellant must present sufficient evidence that, when considered in light of the entire appellate record, establishes a valid claim that (1) counsel's conduct was not objectively reasonable under prevailing professional norms; and, (2) there is a reasonable probability that, but for counsel's unprofessional error, the findings or sentence would have been different." *United States v. Crum,* 38 M.J. 663 (A.C.M.R.1993) [footnote omitted], *citing United States v. Stinson,* 34 M.J. 303 (C.M.A.1992). Errors of professional judgment must be "so serious that counsel was not functioning as 'counsel' guaranteed ... by the Sixth Amendment." *Strickland* 466 U.S. at 687, 104 S.Ct. at 2064. "Counsel['s] [performance] is not required to be error-free." *United States v. Brown,* 33 M.J. 743, 745 (A.C.M.R.1991), *pet. denied,* 35 M.J. 252 (C.M.A.1992); *United States v. Barnard,* 32 M.J. 530 (A.F.C.M.R.1990). In determining prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[4] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S.Ct. at 2069.

■ Finally, when military and civilian counsel both represent an accused at trial, we measure competency of counsel by the combined efforts of the defense team as a whole. *United States v. Walker,* 21 U.S.C.M.A. 376, 380, 45 C.M.R. 150, 154 (1972); *United States v. Urbina,* 14 M.J. 962, 966 (A.C.M.R.1982). *See also Sanders,* 37 M.J. at 119.

## III. Analysis of Appellant's Assertions

In the case before us, Captain N represented the appellant through the pretrial stages of the court-martial, and turned over his work product to Mr. W when the latter was hired. Thereafter, Captain N's participation, by his own account, was minimal. That Mr. W, as lead counsel, examined all

4. While the Supreme Court may have modified this standard slightly in *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), we have deferred to the precedents of the Court of Military Appeals until that court chooses to apply the guidance of *Fretwell. See United States v. Taylor,* 38 M.J. 254, 256 n. 2 (C.M.A.1993); *United States v. Dumas,* 36 M.J. 941, 943 (A.C.M.R.1993).

witnesses and made all arguments during trial is not unusual in court-martial proceedings. We judge the adequacy of defense representation on the basis of the defense team; however, because Mr. W served as lead counsel during trial, we will look primarily to Mr. W's performance at trial in determining effectiveness of counsel.

▮ We note that a state bar's determination that a member of its bar was unprofessional in the handling of a case does not necessarily equate to ineffectiveness of counsel for purposes of the Sixth Amendment. Different standards apply and different purposes are served by a state bar's grievance procedures. However, a state bar's findings may be some indication of an attorney's performance under standards as defined by the Supreme Court, the U.S. Court of Military Appeals, and this court.

The appellant specifically asserts "a veritable catalogue of alleged insufficiencies" [5] that Mr. W was ineffective before, during, and after trial in nineteen different ways. The government asserts that the appellant has failed to meet his burden of showing ineffectiveness of counsel, arguing that the appellant failed to either show ineffectiveness of counsel or prejudice.

▮ The appellant first asserts that Mr. W did *no* pretrial preparation. The record demonstrates that this is simply not true. The adequacy of the preparation, however, is an issue. This allegation arises from an exchange between the military judge and Mr. W over the failure of Mr. W to file motions in a timely manner. At one point, Mr. W. said, "I normally don't read the government documents in the case," and stated to the judge that he did little pretrial preparation because he had not yet been paid his legal fees. However, Mr. W also stated that he was prepared to try the case. The record supports Mr. W's latter comment: he did a good job after this initial verbal exchange with the military judge. We find that the appellant failed to meet his burden of showing deficient preparation for trial that adversely affected counsel's performance at trial to the prejudice of the appellant.

The appellant next asserts that Mr. W's failure to visit the crime scenes constituted ineffective assistance, and that the failure led to a serious factual error in Mr. W's closing argument. We find that, at worst, the misstatement in closing argument was a minor bobble with no possible effect on the findings. Even assuming arguendo that failure to visit a crime scene ipso facto contributes to deficient performance at trial, there is no obvious prejudice to the appellant in this case.

The appellant also alleges that Mr. W lied to the court about not being paid. The appellant and his uncle dispute Mr. W's in-court statement. We need not resolve this particular factual dispute. Even assuming that Mr. W misstated the truth, there is no obvious prejudice to the appellant.

The appellant asserts that Mr. W was ineffective in failing to give the court timely notice of motions. True, Mr. W failed to give timely notice of motions and was chastised by the military judge for it; however, the motions were litigated, and were correctly decided against the appellant. We find counsel's failure to file timely motions was utterly without prejudice to the appellant.

The appellant asserts that Mr. W's voir dire questioning was ineffective. This is a frivolous allegation. The panel was an experienced panel, the military judge asked many of the voir dire questions normally asked by defense counsel, and trial counsel asked no questions. We find that Mr. W's voir dire was meaningful, tied to his theories in the case, and above average.

The appellant next asserts that Mr. W failed to move to suppress a statement made by the appellant to civilian police officers on 2 September 1991. True, Mr. W did not make a suppression motion regarding this statement. While the rights procedure used by the civilian police on 2 September was somewhat unusual, we find no violation of the appellant's rights regarding this statement, and no basis for a motion to suppress the statement. Under the circumstances, the defense counsel's failure to raise this motion is understandable.

5. *See Sanders,* 37 M.J. at 118.

The appellant asserts that Mr. W also failed to make a timely motion to exclude a statement made to a different civilian police officer on 18 September 1991. After the police officer testified for the government that she twice advised the appellant of his *Miranda* rights and that he said he understood his rights, Mr. W objected "on insufficient basis warnings [sic]." *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, because the objection had not been made prior to entry of pleas, the military judge refused to entertain the objection, citing *United States v. Miller*, 28 M.J. 998 (A.C.M.R.1989), *aff'd*, 31 M.J. 247 (C.M.A.1990). Appellate defense counsel baldly asserts that Mr. W's untimely objection to an alleged deficiency in the rights warnings prejudiced the appellant.[6] Yet, the appellant has not come forward with any suggestion or showing how or why the statement was taken in violation of his rights.[7] A mere allegation of prejudice is not enough. *Crum*, 38 M.J. 663.

The appellant asserts that Mr. W failed to present any evidence corroborating the appellant's testimony. This claim by the appellant is unsupported by meaningful evidence showing that the appellant had corroborating evidence to present. Again, a mere allegation is not enough. *Id.* The appellant has failed to meet his burden of demonstrating professional incompetence or prejudice.

The appellant next complains that Mr. W failed to prepare a case for sentencing. After the government presented no evidence in aggravation, the defense sentencing case consisted of an unsworn statement made through counsel, in which he described his upbringing, regretted the incidents, and pointed out his spotless disciplinary record in the military. Although no witnesses were presented on his behalf, the appellant has not provided us with information concerning witnesses who were willing and able to testify on his behalf *and* who were known or should

have been known to Mr. W. Thus the appellant has failed to meet his burden of showing ineffective representation. *Id.*

The remaining assertions of ineffectiveness, allege inter alia a failure to object to the admission of certain evidence and to raise certain motions, the raising of a frivolous motion, and the failure to ask for additional confinement credit. We have reviewed these remaining specific assertions of ineffectiveness, and find that the appellant has failed to overcome his heavy burden of showing ineffective representation and prejudice.

We have also considered the cumulative effect of any errors in Mr. W's performance and likewise find that the appellant has failed to show ineffectiveness or prejudice.

Finally, we have also reviewed the assertions of error personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge JOHNSTON and Judge BAKER concur.

---

6. Appellate defense counsel during oral argument agreed that the military judge was correct in ruling that Mr. W's objection to this statement was untimely, and does not dispute the military judge's ruling that the issue was therefore waived.

7. We note that there is included in the Article 32 officer's report in the allied papers of the record of trial an apparently complete rights warning document dated 18 September 1991, signed and initialed by the appellant and the police officer, wherein the appellant indicates he received a rights advice, and knowingly and voluntarily waived his right to counsel and to remain silent.